# Gustavus W. F. Sulzer *v.* George Ross, Owner and Contractor, Appellant.

*Practice, C. P.—Security in lieu of mechanic's lien—Notice thereof.*

Notice of the substitution of security in lieu of a mechanic's lien must be given to the claimant before it is entered.

When, after notice to the claimant, the application is granted, and the security to be substituted is approved and perfected according to law and in the manner prescribed by the court, the release of the premises from the lien follows as a matter of course. The prothonotary may then safely make an appropriate entry to that effect.

Argued Dec. 14, 1899. Appeal, No. 192, Oct. T., 1899, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1898, No. 445, M. L. D., making absolute rule to strike off entry of substituted security and reinstate lien. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Per Curiam.

Rule to strike off substituted security and reinstate lien. Before the court in banc.

It appears from the record that this was an apportioned mechanic's claim filed by the plaintiff against three houses for $72.50, for gas fixtures furnished to the defendant. On November 1, 1898, writs of scire facias were issued. On November 11, 1898, an affidavit of defense was filed by the defendant, and the case was put at issue by a plea filed on November 25, 1898. On January 27, 1899, a bond and warrant was filed by the defendant with a surety, on which judgment was entered in the sum of $150, which judgment was restricted to the premises approved by the court in the approval of surety. On September 28, 1899, the court granted a rule to strike off the entry of the substituted security and reinstate the lien, and on October 9, 1899, the court made the rule absolute, ARNOLD, P. J., filing the following opinion:

The act of August 1, 1868, and its supplement of March 6, 1873, providing for the substitution of security on other real estate in lieu of that covered by a mechanic's claim, and the

release of the property liened, contemplate some action by the court before the benefit of those acts may be obtained. The security must be entered "in the manner to be prescribed by the court." The rules of court provide that notice of the justification, addition to or substitution of bail or security must be given in writing to the plaintiff or his attorney, at least forty-eight hours before the time for justifying, etc., with the name of the bail, his residence and occupation, and the property owned by him. Such notice was not given in the present case, nor was any order made releasing the property from the lien. The act of 1868 also authorizes the court, on the application of any party in interest, to require the claimant to file an affidavit of the amount due. This may no doubt be waived where the defendant is willing to give security in double the amount of the claim as filed, but the security cannot be entered without notice to the claimant before it is entered and an order made to release the lien.

Rule absolute. Defendant appealed.

*Error assigned* was in making absolute rule to show cause why the judgment entered on a bond and warrant as substituted security for the premises liened should not be stricken off, and the mechanic's lien filed in the case reinstated with like force and effect as if said security had never been entered.

*Maurice W. Sloan,* for appellant, cited Act of August 1, 1868, P. L. 1168, and Act of March 6, 1873, P. L. 215.

All the requirements of the act of 1873 were complied with by defendant. The security having been approved the defendant had the right, as of course, to file said bond and have the premises liened released.

*G. Von Phul Jones,* for appellee.—The Act of August 1, 1868, P. L. 1168, specifically prescribes, (1) an application shall be made by the party in interest to the court; (2) the court shall then order the claimant to file an affidavit of the amount due; (3) security shall then be entered in the manner to be prescribed by the court; (4) the security shall be approved by the court in double the amount claimed in the affidavit.

Not one of these requirements was complied with, save the

one in reference to approval of surety, and this approval was not properly obtained under the rules of court.

It is not an absolute right, but discretionary with the court, and in an improper case, where it would impose an inequitable burden on the plaintiff, substitution of security could be refused: Day v. Garrett, 3 W. N. C. 558.

Cases have frequently arisen where the court refused to allow substitution of security, on the ground that the application came too late, as where sci. fas. were issued and the case is ready for trial: Maulsbury v. Simpson, 11 Phila. 196; Hood v. Building Association, 9 Phila. 105; Ashmead v. Prowhattan, 2 W. N. C. 98. It being a matter discretionary with the court, it is of the utmost importance that the claimant have notice and a hearing in the matter, before the court acts.

The construction of its own rules by a court of original jurisdiction is conclusive, and it is only where wrong is manifest that this discretion will be interfered with or invaded by an appellate court: Gannon v. Fritz, 79 Pa. 303; Dailey v. Green, 15 Pa. 118; Mylin's Est., 7 Watts, 64.

The lower court, in this case, has given its construction of the rules adopted by them in an opinion filed by Judge ARNOLD.

PER CURIAM, January 17, 1900:

We entirely agree with the conclusion expressed in the opinion filed by the learned judge of the court below that the act of 1868 and its supplement of 1873 contemplate some action by the court, other than the mere approval of the surety by a judge, before their benefits may be obtained. The latter act, it is true, prescribes the form of the security, but it does not otherwise curtail the supervisory jurisdiction of the court over the proceedings. The proviso very clearly indicates that the particular real estate offered as security, as well as the person who offers to be surety on the bond to be given, must be approved. The application for the benefits of the acts must be made to the court having jurisdiction of the lien. When it is granted, and the security to be substituted for the land liened is approved and perfected according to law and in the manner prescribed by the court, the release of the premises from the lien follows as a matter of course. The prothonotary may then safely make the appropriate entry to that effect. But all that appears to

have been done in the present case to obtain the sanction of the court to the proceeding was to present to one of the judges the affidavit of John S. Conner, that he was about to become surety in the case, and that he was the owner of certain real estate, describing it, but not alleging that it was the particular real estate offered as security.   Upon this affidavit the judge indorsed, "The above named deponent is approved as surety in the above case."  He did not approve any particular real estate as security, nor did he approve the bond and direct it to be filed for the purpose therein mentioned, which perhaps would have been sufficient, nor did he in any manner, either in form or in effect direct that the security be substituted for the premises or that the lien be released.   Ex parte proceedings intended to accomplish that result ought to have the approval of the court in a more definite and unequivocal manner than appears here.

Passing all questions as to the form of the order that ought to be made in such a proceeding, the court was clearly right in striking off the entry of substituted security, for the reason that no notice of the application was given to the claimant, although such notice was required by the rules of court.   The fact is conceded, but it is argued, that, inasmuch as the judge who made the order had notice that no notice had been given to the claimant, therefore, by his approval of the surety he "waived any rule of court requiring notice to be given."   The answer to this startling proposition is twofold.   First, it nowhere appears in this record, either directly or inferentially, that the judge was informed of this important fact.   Second, the claimant had a clear legal right to be heard upon the application, and therefore to notice of it.   Under the statute the proceeding is begun by an application to the court for an order on the claimant to file an affidavit of his claim.   This implies that he shall have notice of the application even though the defendant is willing to dispense with the affidavit.   Moreover, it may be important for the claimant to have an opportunity to file the affidavit, where the application is delayed until the accrued interest and costs exceed the amount of the face of the claim.   And, although he may not be able to defeat the application he has a right to be heard as to the sufficiency of the security to be substituted.   As he is entitled to notice, even in the absence of a rule of court, the judge cannot dispense with it

by disregarding the rule.   It would have been more to the point to allege and show that the claimant had "waived" the rule.

The assignment of error is overruled, the order is affirmed, and the record is remitted with a procedendo, the costs to be paid by the appellant.