## Scott *v.* Scott.

*Arbitration—Reference—Appeals—Objection to referee—Act of May* 14,
1874, *P. L.* 166.                    . . .

After a case has been referred under the act of assembly of May 14, 1874,
it is too late after the case has reached the Supreme Court to object either
to the form of the report or to the fact that the referee was not " au-
thorized to act as attorney in the Supreme Court," as required by the act
of 1874.

*Mechanics' liens—Apportionment—Separate blocks of houses.*

There is nothing in the statutes to.prevent a material-man from filing
a separate claim against each block or sub-block of houses, if they are so
different in size, material or in location that he can readily know to which
block " the several items of his demand " were furnished.

*Mechanics' lien—Reference—Computation of judgment.*

Where proceedings upon three separate mechanics' liens are referred
to a referee, and the report of the referee specifies the amount of material
furnished on the credit of the buildings embraced in each claim, the amount
of the apportionment, and the amount of the general credit on the whole
claim, sufficient data is furnished from which the judgment on each sci. fa.
may be computed.

*Arbitration—Conclusiveness of report of referee—Review.*

A referee's findings of fact supported by sufficient testimony and con-
firmed by the court below will not be reversed by the Supreme Court, ex-
cept for clear error.                    ◦

Argued March 23, 1899.    Appeal, No. 29, Jan. T., 1899, by
Theodore L. Scott et al., from order of C. P. No. 2, Phila. Co.,
Sept. T., 1893, No. 1335, dismissing exceptions to report of
referee, in case of John H. Scott v. Theodore L. Scott and

John E. Roberts, trading as Scott & Roberts et al.    Before
STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.
Affirmed.

Exceptions to report of John M. Campbell, Esq., referee, un-
der act of May 14, 1874.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to report of ref-
eree.

*Leoni Melick*, of *Melick & Potter*, for appellants.—The report
was bad in form: Harris v. Hay, 111 Pa. 562; Lewars v.
Weaver, 121 Pa. 268; Pittsburg, etc., R. R. Co. v. Evans, 53
Pa. 250.

The following cases show that the report of the referee is
fatally defective: Butterfield v. Lathrop, 71 Pa. 229; Marr v.
Marr, 110 Pa. 63; Sweigard v. Wilson, 106 Pa. 207; Com. v.
Equitable Beneficial Assn., 137 Pa. 412; Harris v. Hay, 111
Pa. 562; Lewars v. Weaver, 121 Pa. 268.

*John G. Johnson*, with him *Henry J. Scott*, for appellee.—
The referee, beyond question, found the total amount of the
bill, the general credit, and the proper original apportionment.
All these were matters of fact which, when found, were final:
Sweigard v. Wilson, 106 Pa. 207; Hotchkiss v. Roehm, 181 Pa.
65; Huckestein v. Kaufman, 173 Pa. 199; Sargeant v. Clark,
108 Pa. 588; Reynolds v. Creveling, Miles & Company, 177 Pa.
267.

The liens were properly filed: West Philadelphia Brick Co.
v. Johnson, 3 Pa. Superior Ct. 220; Taylor v. Montgomery, 20
Pa. 443; Atkinson v. Shoemaker, 151 Pa. 153; Fitzpatrick v.
Allen, 80 Pa. 292; Schultz v. Asay, 2 Pennypacker, 411; Goepp
v. Gartiser, 35 Pa. 130; Young v. Chambers, 15 Pa. 267;
French v. Kaign, 3 W. N. C. 495.

The referee's action was a finding of fact, and it has been
held by this court that it will not review such findings: Bid-
well v. Pittsburg, etc., Pass. Ry. Co., 114 Pa. 535; Southern
Maryland R. R. Co. v. Moyer, 125 Pa. 506; Leonard v. Smith,
162 Pa. 284; McGinn v. Benner, 180 Pa. 396; Bruch v.
Phila., 181 Pa. 588.

OPINION BY MR. JUSTICE MCCOLLUM, May 23, 1900:

The discussion of this case by counsel for appellants has taken a wide range with little regard to the assignments of error or the record. The proceedings began by the filing of three apportioned claims for mechanics' liens as follows: Claim No. 1333 against three houses situate on the east side of Ringgold street in the city of Philadelphia; claim No. 1334 against twelve houses on the north side of Arlington street, and claim No. 1335 against fourteen houses on the south side of Arlington street, in all twenty-nine houses under a contract for mill work and lumber for thirty-one houses, the price of the mill work being stated as a specified amount for each house by groups, " as per specification," and the lumber at specified rates by measurement. The bill of particulars in all three cases contained a copy of the contract just referred to, and items of material, with dates, quantities and prices. The apportionment designated the sum claimed against each house. Separate sci. fas. were issued against the various premises embraced in the claim, and the cases were put at issue. By agreement in writing signed by plaintiff and by John E. Roberts, a member of defendant firm, for the firm of Scott & Roberts, all matters in controversy in the three claims above recited were referred to John M. Campbell, Esq., " as referee under the act of assembly of May 14, 1874, and its supplements, whose decisions upon all matters of fact shall be final and without appeal." The referee's report contained specific findings as to the ownership of the land, as to the dimensions of the lots and buildings, as to the furnishing of materials of a specified amount to each one of the three sets of houses, as to a specific apportionment against each building, and as to a credit to be allowed generally. All these were matters of fact which, when found, were final. On the argument of this appeal not only were some of these questions sought to be controverted, but numerous questions of law which were not suggested before the referee or in the court below. The extent of this irregularity of procedure may be shown by the fact that, after hearing before the referee, exceptions filed and hearing in the court below and other proceedings subsequent to decree, it is now suggested for the first time that the referee is not " authorized to act as attorney in the Supreme Court," as required by the act of 1874. It is too late to raise

such objection at this stage of the proceedings. The same may be said as to the objection to the form of the report, and that " the lumber was furnished under one contract generally and indiscriminately to buildings separated from each other by a public street." Under Klinefelter v. Baum, 172 Pa. 652, the objections are too late. None of these objections are properly on the record, or raised by the specifications of error. As to the last point no authorities are cited by appellants although the question in various forms has been frequently before this court. All exceptions might well be dismissed without comment. But since the question as to filing and apportionment of claims has been elaborately argued by appellee's counsel, and as it affects the status of all the claims it may be considered as if properly on the record.

The question is a novel one, but one of greater novelty than difficulty. It is true that Mr. Justice KENNEDY said in Pennock v. Hoover, 5 Rawle, 309, " There being but one contract and that embracing all the buildings, there could be but one action on the contract and only one lien." But this case arose before the acts of 1831 and 1836 and can therefore have no weight in the construction of the statutes. Nor are we unmindful of the language of Mr. Justice LOWRIE in Taylor v. Montgomery, 20 Pa. 443, where he said, " The mechanic's lien laws recognize the filing of one lien against several houses, and the apportionment of the amount among them, but they do not define the cases in which such joint lien is proper. In order to obtain such a definition we must resort to the analogy of other cases, and the case of joint contracts requiring joint remedies is an obvious one." But this distinction has been repudiated in subsequent decisions as pointed out by our Brother MITCHELL in the recent case of Gordon v. Norton, 186 Pa. 168. In the case last cited, and after referring to the provisions of the acts of 1831 and 1836 as to apportionment, he said : " There is nothing in these statutes to prevent the material-man filing a separate claim against each block or sub-block of houses, if as frequently happens they are so different in size, material or in location, that he can readily know to which block ' the several items of his demand ' as the statute expresses it, were furnished. On the contrary that would seem to be the intent of the act, as indicated in the preamble setting out the impossibility of knowing,

etc., as the basis of its remedial enactment. The contrary construction does not seem to have anything to rest upon but the brief suggestion of Justice LOWRIE in Taylor v. Montgomery of the analogy of joint contracts requiring joint remedies. This analogy however has never been adopted as the basis of decision in any of our cases, and in Geopp v. Gartiser, 35 Pa. 130, it was distinctly disregarded where there was an intervening street, although the houses were the property of one owner and were all erected under a joint contract. Nor is the analogy in itself either close or controlling. A joint action on a joint contract is the logical requirement of a logical system of pleading, but there is nothing logical about mechanics' claims." The opinion from which we have quoted above contains an exhaustive review of the statutes and decisions relating to mechanics' claims and the enforcement of them, and to it we refer for an interesting and instructive discussion of the subject to which it relates. It seems to us that Gordon v. Norton, supra, effectually disposes of the question sought to be raised here. No reason is suggested why the filing and apportionment of the liens in this case are not legal, and it is believed that none can be given.

The remaining points of contention may be disposed of briefly. The report of the referee specified the amount of lumber and mill work furnished on the credit of the buildings embraced in each claim and the amount of the apportionment; also the amount of the general credit on the whole claim. As the reference embraced all matters of controversy in the three claims, being questions of charges and credits, the referee properly found the amount due on all the claims to be the total amount under the contract, less the general payments on account together with allowance of interest. This furnished the data from which the judgment on each sci. fa. could be computed. It was a mere matter of calculation. It has not been demonstrated that there were substantial errors therein.

The findings of the referee were supported by an abundance of oral testimony. As to the amount of material furnished the referee reports as follows : " It is supported by the evidence of the plaintiff himself, who saw most of it delivered by Daniel Mishoe who swears to its correctness, and by William S. Weeks, an expert who measured the houses after being built, and to a

very large extent by the statement rendered by the defendants themselves. It is true that Mr. Roberts denies sending this statement, but Mr. Mishoe who seems to have been the confidential man of both sides, swears to it, and defendant's own letters refer to the sending of the same. It is idle therefore to maintain that the referee's finding is based on the effect of the admission of the liens." The other objections have as little merit.

The case was submitted to a referee by mutual agreement, both parties were fully heard, and an award was made which does substantial justice between the parties. No reasons have been shown which call for a reversal of the judgment of the court below. All the specifications of error are dismissed.

Judgment affirmed.