## Schellentrager *v.* O'Donnell, Appellant.

*Mechanics' liens—Discharge of lien by bond—Practice, C. P.—Waiver of formalities—Scire facias—Act of June 4, 1901, P. L. 431.*

Where the owner of a building files a bond to discharge a mechanic's lien against his property as provided by the Act of June 4, 1901, P. L. 431, and the lien creditor instead of proceeding in the manner provided in sec. 25 of the act issues a scire facias, and the defendant files an affidavit to the merits and a plea, and also an amended affidavit to the merits, and the case is tried upon the merits, the defendant will be presumed to have waived all irregularities and technicalities, and will not be permitted, after a verdict against him to object to the form of the proceedings; nor under the circumstances will he be permitted to avail himself of the five year limit contained in the mechanic's lien law relating to the time of trial; nor will he be permitted, after having released his property from the mechanic's lien by means of the act of June 4, 1901, to raise for the first time in the appellate court any question as to the constitutionality of the act.

Argued May 5, 1910. Appeal, No. 187, April T., 1910, by defendants, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1904, No. 1,104, on verdict for plaintiff in case of E. J. Schellentrager, trading as the Century Architectural & Engineering Company, v. John Henry O'Donnell and S. W. Vandersaal et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $804. Defendants appealed.

*Errors assigned* were (1) in refusing to quash the scire facias; (2) refusal of binding instructions for defendants; (3) refusal of motion in arrest of judgment and (4) in refusing motion of defendants for judgment non obstante veredicto.

*B. J. Jarrett,* with him *Willis F. McCook,* for appellant, cited: Kountz v. Ice Co., 36 Pa. Superior Ct. 639;

Vulcanite Paving Co. v. Rapid Transit Co., 220 Pa. 603;
Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486.

*Thomas M. Marshall, Jr.*, with him *William H. Leahy*,
for appellee, cited: Howes v. Dolan, 9 Pa. Superior Ct.
586; Lewis v. Penna. R. R. Co., 220 Pa. 317.

OPINION BY MORRISON, J., July 20, 1910:

The plaintiff having filed a mechanic's lien against the
property of the defendants, and the owners, O'Donnell
and Vandersaal, desiring to avail themselves of the bene-
fits of sec. 25 of the Act of June 4, 1901, P. L. 431, peti-
tioned the court to have the lien discharged against the
property, fix the amount of the lien and for leave to give
bond, etc., as provided by said section of the act. The
parties agreed, however, as to the amount and signers of
the bond and the court made an order discharging the
mechanic's lien as against the property described therein,
and striking said lien from the judgment index, and that
the said plaintiff should thereafter look to the said bond
for the security for his said mechanic's claim in accordance
with the act of assembly. The last sentence of said
sec. 25 reads: "Thereafter the material disputed facts, if
any, shall be tried by a jury, without further pleadings,
with the same effect as if a writ of scire facias has duly
issued upon said claim to recover the balance thereof;
but the jury shall be sworn to try the issues between the
claimant and parties signing the bond, or between the
claimant and the party who paid the fund into court, as
the case may be; and verdict, judgment and execution
shall follow as in an action commenced at common law."

Notwithstanding the plain terms of said order of court
and sec. 25 of said act of June 4, 1901, which plainly pro-
vided for the manner of the trial of the case, the plaintiff's
counsel caused a writ of scire facias to issue on the original
lien to a new number and term, to wit, No. 1,104, Decem-
ber Term, 1904; said sci. fa. was of course against the de-
fendants in said lien, although it had theretofore been
discharged and stricken from the judgment index by said

order of court.  The issue of this writ, to say the least, was a careless blunder.  But the appellants' counsel matched this carelessness by filing an affidavit of defense and thereafter in obedience to a rule to plead, entering a plea on June 14, 1909.  The appellants' attorneys next placed the case upon the issue docket.  Thereafter, on April 14, 1909, appellants' counsel procured leave and filed an amended affidavit of defense touching only on the merits of the case.  Counsel for plaintiff then filed a replication to the amended affidavit of defense and service of notice of the same was accepted by appellant's attorneys.  November 9, 1909, a jury was sworn to try the case and on the next day juror withdrawn and cause continued till November 16, 1909.  November 11, 1909, proof of service of notice to Mercantile Trust Company, bondsmen, to appear, filed.  Same day service of said notice accepted.  November 18, 1909, motions of counsel for defendants to abate or quash the above sci. fa. and the mechanic's lien filed at No. 20, June Term, 1904, presented in open court and the motions refused.  The same day exception for defendant and bill sealed.  Same day on trial list and before jury was sworn counsel for the plaintiff moved the court that the Mercantile Trust Company be added as a defendant in this case and it is so ordered.  November 23, 1909, verdict in favor of plaintiff and against John Henry O'Donnell and the Mercantile Trust Company in the sum of $804 and in favor of the other defendants.  This verdict against the signers of the bond is in accordance with the said twenty-fifth section of the act of June 4, 1901.  Appellant's counsel moved for judgment non obstante veredicto and filed a motion in arrest of judgment.  Thereafter, on argument, the motions in arrest of judgment and for judgment for defendant non obstante veredicto were refused and judgment entered on the verdict.

While the jury was inadvertently sworn as to the original defendants in the mechanic's lien and the signers of the bond, the court only allowed a verdict against the lat-

ter and directed a verdict in favor of the other defendants. Therefore, we cannot see that any harm resulted to the appellant and his bondsmen from this technical error. Now as counsel for both sides of this controversy appear to have elected to try the case on its merits without taking the trouble to strictly follow the provisions of the said sec. 25 of the act of June 4, 1901, and the order of the court made on the petition of the appellant, and as counsel on both sides seem about equally to blame for the irregular practice adopted, and as the trial seems to have been fair and it probably resulted in a just verdict, an appellate court ought not to be astute in searching for reasons for a reversal of the judgment. We think it should now be assumed that there was a tacit agreement to waive matters of form and to try the case on its merits: Sauerman v. Weckerly, 17 S. & R. 116.

"Pleading to a scire facias operates as a waiver of defects as to dates in the lien:" Klinefelter v. Baum, 172 Pa. 652. The latter case is cited approvingly in Scott v. Scott, 196 Pa. 132. We think the appellant in the present case waived all irregularities in the proceedings by filing an affidavit to the merits, filing a plea, and then just before the trial, filing an amended affidavit of defense upon the merits, showing a clear intention to try the case on the merits and to waive technicalities.

The result of issuing the superfluous sci. fa. and the other pleadings was, in effect, that the parties got before the court and jury and tried the real question on its merits, i. e., Did the defendants, the signers of the bond, owe the plaintiff and if so, how much? The learned counsel for appellant very fairly say in the first sentence of their printed argument, "The only points that appellant desires to raise in this appeal are those set forth in the statement of the questions involved." The statement of the " questions involved " is as follows:

1. "Where a bond has been filed discharging the real estate from the lien, is a mechanic's lien claimant bound to recover a judgment upon his claim before the expira-

tion of five years from the date when the bond was filed, or in such case is there no limit to the time when the judgment should be obtained?

2. "Does the plaintiff by failure to comply with the provisions of the act in prosecuting his claim obtain an extension of time in which to obtain that verdict by reason of the defendant's joining issue with him upon the scire facias issued after the lien had been discharged by the filing of a bond?

3. "Does section 25 of the mechanic's lien act of June 4, 1901, provide a new remedy as to being in contravention of article 3, section 7, of the constitution which forbids the general assembly from passing any legal or special law providing or changing methods for the collection of debts, or the enforcing of judgments?"

As to the first two paragraphs of the questions involved we think they are disposed of by sec. 25 of the act of June 4, 1901; see the last sentence of that section hereinbefore quoted. When the lien has been discharged by one of the methods provided for in said section, there is no limit of time fixed within which the trial shall be had. But the provision is, "verdict, judgment and execution shall follow as in an action commenced at common law." The defendants having elected to have the lien discharged and to try the case as if commenced at common law, cannot be permitted to avail themselves of the five-year limit contained in the mechanic's lien law.

The third question involved attempts to raise the constitutionality of sec. 25 of the act of June 4, 1901. The appellant availed himself of the provisions of said section to get his property released from the mechanic's lien and thereafter tried the case on its merits and raised no question of the constitutionality of the section in the court below, and, therefore, we are not disposed to consider that question here. The appellant's counsel all through the case, in the court below, so far as the record shows, were practically recommending said section to the court as valid law. We think the appellant is now estopped from

raising the constitutional question here. Availing himself of the benefits of said section to release his property from the mechanic's lien in effect destroyed the lien and left the plaintiff no remedy for his claim except an action on the bond. The appellant solemnly agreed to try the case on the merits in the manner provided in said sec. 25. To now permit him to escape liability on the ground of the unconstitutionality of said section would work great injustice to the plaintiff. Under the facts disclosed by the record we decline to consider the constitutionality of said section, and that question is not decided. However, we remark that the method therein provided for disposing of a mechanic's lien is not forced upon the defendant, but is entirely at his option, and it may be difficult to discover in said section any illegal or unconstitutional provisions as to a defendant who voluntarily agrees to defend against a mechanic's lien as therein provided. In considering this case we have not overlooked the case of Sterling Bronze Co. v. Syria Imp. Assn., 226 Pa. 475, and the cases of Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Vulcanite Pav. Co. v. Rapid Transit Co., 220 Pa. 603, and Lumber Co. v. Board of Trustees of Carnegie Inst., 225 Pa. 486, but we do not understand those cases as necessarily deciding said sec. 25 of the act of June 4, 1901, unconstitutional, because that section does not provide any new method for the collection of the debt or the enforcement of the judgment provided by the act of June 4, 1901. But as we have in this opinion already intimated, it simply provides a method whereby the defendant in a mechanic's lien may at his option, with leave of court, substitute a bond for the liened property, and in case of such substitution, provides for the trial of the case. When the defendant voluntarily selects the method described in said section for disposing of the lien we cannot see how he can be permitted to complain of the judgment obtained against him on his voluntary bond.

The assignments of error are overruled and the judgment is affirmed.