Costanzo *v.* Chianese et ux., Appellants.

Argued November 10, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Joseph M. McClure*, for appellants.

*Francis A. Muracca*, for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

This appeal is from the order of the lower court dismissing defendants' motions for a new trial and judgment n.o.v. Plaintiff filed suit in assumpsit based on

an oral contract dated July 10, 1949, for labor and material furnished in construction of defendants' residence. Prior to the suit in assumpsit, plaintiff filed pleadings for mechanic's lien and issued a writ of scire facias. The mechanic's lien, however, due to formal defects, was stricken off. The case was tried on February 18, 1953. The testimony of the plaintiff revealed that he stopped work after ten days when it became apparent that the contractor was unable to pay; and that the owners persuaded him to continue the work promising to pay him the same rate as agreed to by the contractor. During the progress of the work defendants repeated the promise to pay him.

Defendants contend, however, that the testimony disclosed a primary contract with the contractor and performance thereunder, and only a collateral contract of surety or guaranty with defendants. The mechanic's lien and the sworn statement in the pleadings were offered in evidence to substantiate this contention. They denied entering into any direct contract or agreement to pay plaintiff for the labor and material, and stated that if any contract was entered into by him, it was a contract with Mr. Tedesco, the general contractor. The pleadings for the lien, defendants point out, show a direct oral contract with Mr. Tedesco whereas they are designated merely as owners. The amount of labor and material set out in both proceedings is identical. The contractor, Tedesco, called by the plaintiff, testified that defendants admitted hiring plaintiff to finish the work after the work was discontinued due to financial difficulties.

. Motions for compulsory nonsuit and binding instructions were made and refused. The jury returned a verdict in favor of plaintiff. Defendants now persist that a compulsory nonsuit should have been granted on the theory that plaintiff's sworn statement in the

mechanic's lien as a subcontractor eliminated him as a contractor, and, as to them, eliminated the theory of primary liability.

The question, as we view the case, is whether the plaintiff entered into a direct contract with the defendants. The mechanic's lien and the suit in assumpsit are concurrent remedies, and though inconsistencies may appear in one, they do not necessarily prejudice the other. The most that can be said is that plaintiff's averments in his claim for mechanic's lien raise a question of credibility as to the existence of a direct contract with defendants. This issue of credibility was determined by the jury. The lower court charged properly that it was for the jury to decide whether plaintiff abandoned his original contract with Mr. Tedesco and entered into a new contract with the defendants. The jury was further instructed that if it believed plaintiff continued to work under the original contract with Mr. Tedesco and not under a separate contract with the defendants, then the verdict must be for the defendants.

After reviewing all the facts and circumstances which were considered by the jury in determining whether a direct obligation was assumed by defendants and whether a separate, distinct and entirely new contract was made on July 10, 1949, we conclude that the verdict was not against the weight of the evidence. The court could not as a matter of law, rule that the facts did not import a primary obligation. The jury could determine that the original contract was terminated when the services were not paid for, and that the work was resumed by plaintiff upon defendants' agreement to pay.

In *Corcoran v. Huey*, 231 Pa. 441, 80 A. 881, a case where the facts were strikingly similar to the instant case, the promise was made: "we will see to it that

you are paid." This was held to be for the jury and was upheld as constituting a primary obligation on the part of the promisor for which suit could be directly maintained. Similar language was similarly construed in *Kampman v. Pittsburgh Contracting and Engineering Co.*, 316 Pa. 502, 175 A. 396.

The testimony as to secondary liability was a recitation of the circumstances under which the case arose and does not constitute such variance between the allegata and probata that should remove the case from consideration by the jury.

Order affirmed.