## Contractors Lumber and Supply Company, Appellant, *v.* Quinette.

Argued November 19, 1957. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Charles F. Dean,* for appellant.

*William L. Jacob,* with him *William L. Jacob, Jr.,* for appellees.

OPINION BY ERVIN, J., January 21, 1958:

Plaintiff, appellant, filed a mechanics' lien in the sum of $3,975.10 against the house and lot of the defendants, appellees. A scire facias sur mechanics' lien

was then issued, to which the defendants filed an answer denying liability and controverting that Thomas Quinette (the husband-defendant) had ever agreed orally or otherwise to pay for the materials supplied by the plaintiff company. The matter came to trial on the merits and the sole issue submitted to the jury was the question of whether there was a contract between the parties. The jury found for the defendants. The plaintiff appealed, after its motion for a new trial was refused, and the Supreme Court affirmed: *Contractors L. & S. Co. v. Quinette,* 386 Pa. 517, 519, 126 A. 2d 442. Thereafter plaintiff instituted a suit in assumpsit on the same contract, against the same defendants, for the same materials and for the same amount as in the mechanics' lien proceeding. The defendants, in new matter, interposed the defense of res judicata. The court below, on a motion for judgment, pursuant to Pa. R. C. P. No. 1034, entered judgment for the defendants on the pleadings. Plaintiff then took this appeal.

Res judicata was properly raised by motion for judgment upon the pleadings: *Kiely v. Cunningham Equipment, Inc.,* 387 Pa. 598, 601, 602, 128 A. 2d 759. The pleadings in the present suit contain all of the essential facts for a comparison of the two suits. Appellant has cited a number of cases which illustrate the principle that a creditor may bring an action in assumpsit and at the same time file a mechanics' lien and issue a writ of scire facias sur mechanics' lien thereon. We have no quarrel with the statement that these remedies are concurrent and cumulative. In all of the cases cited by appellant, whether they involved a motion to strike or a jury trial on the scire facias proceedings, the question of whether there was a contract had not been judicially determined. All of the cases involved some technical defect with the mechan-

ics' lien, either in the form in which it was stated, the time within which it had been filed, whether notice of intention to file or of having filed had been properly served, etc. In no case was there a judicial determination on the merits. In the present case there was a final judicial determination on the merits. It was judicially determined that there was no contract between the plaintiff and the defendants. We are of the opinion that the principle of res judicata is applicable to this case and that the court below properly applied the same. We have identity of parties, cause of action, materials and the cost thereof. The evidence to prove the contract between the parties would necessarily be the same in the present suit as it was in the former mechanics' lien proceeding. No good purpose would be served by readjudicating this question. Court dockets are filled with many new cases awaiting trial and the principle of res judicata should be employed, not only to insure a definitive end of litigation but also to assist the courts in more efficiently disposing of the great amount of present day business.

It is rather difficult to determine the exact meaning of §58 of Act of June 4, 1901, P. L. 431, 49 PS §265. We are convinced, however, that the legislature did not intend to interfere with the proper application of the principle of res judicata.

Judgment affirmed.