Cotter, Appellant, *v.* McArdle.

Argued March 15, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas P. Shearer,* with him *Paul S. Foreman,* for appellant.

*Frederick N. Egler,* with him *Egler, McGregor & Reinstadtler,* for appellee.

OPINION PER CURIAM, November 15, 1966:
The Court being evenly divided, the order of the court below is affirmed.

Mr. Justice COHEN dissents.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:
The model apartment built by appellant is, in my view, a permanent structure within the meaning of the Mechanics' Lien Law. Thus, I believe the court below erred in striking the lien and would remand the case for determination of unresolved factual issues.

In my view a proper disposition of this case requires us to consider two additional issues: (1) whether the appellant-architect may obtain a lien for services which were not absolutely essential to the construction of the model apartment, and (2) the extent to which the lien may attach to the land surrounding the situs of the improvement.

In *Alan Porter Lee, Inc. v. Du-Rite Products Co.,* 366 Pa. 548, 79 A. 2d 218 (1951), this Court held that an architect may have a mechanics' lien *only* in those cases in which he supervises the actual construction. This holding was later codified in the Act of August 24, 1963, P. L. 1175, §201(4), 49 P.S. §1201(4) where the term "contractor" is defined to include an architect "who, by contract with the owner . . . in addition to the preparation of drawings, specifications and contract documents *also* superintends or supervises any such erection, construction, alteration or repair." (Emphasis supplied.) The Act would, therefore, appear to require a direct relationship between the planning and the con-

struction in order to permit an architect to secure a mechanics' lien. Supervision of a small section of the envisioned project is not sufficient to warrant a lien for the total amount of the architectural services rendered. Thus, on remand, I would instruct the court to limit the amount of the lien to that work which the appellant could establish was essential to the creation of the model apartment.

It is also clear that the Act would limit the extent of appellant's lien to the apartment and the adjacent curtilage. Thus, on remand, I would instruct the court to act accordingly.

Mr. Justice Eagen joins in this dissenting opinion.