452 A.2d 824

Daniel R. STRATFORD

v.

John E. BOLAND and Dauphin County Industrial Development Authority.

Appeal of John E. BOLAND.

Superior Court of Pennsylvania.

Argued Sept. 22, 1981.

Filed Nov. 19, 1982.

Petition for Allowance of Appeal Denied Feb. 18, 1983.

Jerome T. Foerster, Harrisburg, for appellant.

Albert Z. Bogert, Mechanicsburg, for appellee.

Before BROSKY, McEWEN and BECK, JJ.

BROSKY, Judge:

Appellee Stratford commenced this action by filing a mechanic's lien claim alleging that appellant Boland owed him $9,881.54 as payment for architectural services rendered by Stratford. Prior to trial, the parties agreed that upon entry of a bond in the amount of $11,881.54, the lien would be stricken off and fully discharged as a lien against the property. The bond was filed and the lien was discharged. A trial was held and the jury returned a verdict in favor of appellee in the amount of $7,200. Motions for new trial and judgment n.o.v. were filed and denied and this appeal followed. We reverse.

Appellant contends that Mr. Stratford did not meet his burden of proof at trial and that, in any case, appellee could not properly file a mechanic's lien in this case because the underlying contract was not made with the owner of the subject property.

We can readily dispense with appellant's claim that a mechanic's lien could not have been properly imposed on the property because the contract in question was not made with the property's owner.

Although the contract was made before appellant acquired an interest in the property, the lien claim was filed after he had acquired an equitable interest in it.

■ The contract upon which Mr. Stratford bases his claim was made with the person, who at the time the lien was filed, had equitable interest in the property. An equitable interest is such that its holder is considered an owner for purposes of the Mechanic's Lien Law. See 49 P.S. § 1201, defining "owner"; *McClure v. Fairfield,* 153 Pa. 411, 26 A. 446 (1893). We believe that since Mr. Boland was the owner at the time the lien was filed, and was the person with whom Mr. Stratford contracted, that the claim could be validly filed against his property. In this respect, we agree with *Edwards v. Stevens,* 4 Pa.D. & C.3d 137 (1977) (citing *Weaver v. Sheeler,* 124 Pa. 473, 17 Atl. 17 (1889)), which held that ownership at the time of the filing of the lien was sufficient if the then owner had contracted with the claimant.

We turn now to appellant's second claim. To recover under the Mechanic's Lien Law as an architect, Mr. Stratford must have proven that pursuant to his contract with Mr. Boland, he played a supervisory role in the construction.[1]

---

1. Appellee argues that because the lien was discharged prior to trial, he need not have complied with this requirement of the Mechanic's Lien Law. He suggests that his burden was limited to those facts he would have to prove in an assumpsit case. The lower court opinion suggests that it, too, believes that the discharge of the bond effected such a change.

In *Schellentrager v. O'Donnell,* 44 Pa.Super. 43 (1910), this court explained that when a bond is filed, the averment in the lien, affidavit and bond constitute the statement of plaintiff's claim. The *Schellentrager* court said that judgment and execution would follow as in an action at common law. However, we do not believe that resort to common law *procedures* as to judgment changes the substantive burden of proof borne by a plaintiff. The *Schellentrager* opinion suggests to us that since the claim is contained in the lien it is substantively the same claim that a plaintiff would have to prove if a bond was not entered.

See also *Rees, Weaver & Com., Inc. v. M.B.C. Paper Mill Corp.,* 267 Pa.Super. 148, 406 A.2d 562 (1979), where we rejected a claim that an action captioned "Action to Obtain Judgment upon Mechanic's Lien Claim" was actually an assumpsit action. We noted that the appellant in that case chose to pursue only the mechanic's lien claim, although an assumpsit claim could have been pursued.

Here, appellee chose to pursue a mechanic's lien claim with its advantage to him of the lien on the subject property. That lien was replaced by a bond, but the nature of the action was not changed.

The Mechanic's Lien Law [2] provides a right to a mechanic's lien to a contractor who is owed a debt for labor or materials furnished in the erection or construction, or alteration or repair of property. 49 P.S. § 1301.

The act includes in its definition of contractor:

architect[s] who, by contract with the owner, express or implied, in addition to the preparation of drawings, specifications and contract documents also superintends or supervises any such erection, construction, alteration or repair.

The lien claim filed by Mr. Stratford contained the allegation that the agreement was an oral one which provided that he would perform the following services: drafting and preparation of architectural drawings; architectural services and the *observation* of the construction thereof. (Emphasis added.)

■ Appellee argues that use of the word, "observation" instead of "supervise" does not preclude a finding that he in fact contracted to and did supervise the job. We agree that the choice of words in itself need not be dispositive if the claim is substantively that he supervised the work pursuant to contract. However, his allegation that he "observed" construction itself does not denote that he played any active role during construction. It certainly does not suggest that he "had or exercised the charge and oversight of" the construction. (See definitions of "supervise" and "superintend", *Webster's Seventh New Collegiate Dictionary*.)

Furthermore, even if we were to ascribe to appellee's pleading an allegation that he supervised the work, we would nevertheless find that the allegation was not proven at trial.

Only the res was changed. It would be unfair to permit appellee to benefit from the lien and bond, and not have to meet the special burdens of the law that convey those benefits.

2. Act of August 24, 1963, P.L. 1175, No. 497; 49 P.S. § 1101, et seq.

We, of course, will view the evidence in the light most favorable to appellee, the verdict winner. See *Gonzalez v. United States Steel Corp.*, 484 Pa. 277, 398 A.2d 1378 (1979).

In his brief, appellee outlines the several services he performed for appellant. They apparently included, in addition to the preparation of drawings, visits to the site prior to building, attendance at a zoning board meeting and attendance at a post-construction tour. None of the activities, however, constitutes the management of the actual construction of the building. In that regard, appellee cites visits he made to the site during construction. His testimony was that he "periodically" made inspections during construction and that his usual procedure is to visit a site once a week. He could not recall the dates or number of visits he made.

The comment to 49 P.S. § 1201(4), definition of contractor, states that it was intended to declare and clarify existing decisional law. The note refers specifically to *Alan Porter Lee, Inc. v. Du-Rite Products Company, Inc.*, 366 Pa. 548, 79 A.2d 218 (1951).

In *Alan Porter*, the Supreme Court said that an architect cannot maintain a mechanic's lien merely for drawing plans. The result is otherwise, however, if

he is employed to be on the ground during the erection of the building, to make designs for every part, to direct the execution of the same by the various mechanics, to examine the material employed, to advise with the owner of the building in contracting for every portion of the work or materials, to examine all accounts, etc.

Id., 366 Pa. at 551, 552, 79 A.2d at 219. See also *Cotter v. McArdle*, 423 Pa. 632, 223 A.2d 718 (1966) (dissent by Roberts, J.).

The *Alan Porter* opinion cited with approval the following summary of the law. "He [an architect] can recover for his plans and drawings in this proceeding only because of the fact that they are incidental to and enhance his work of superintending and supervising the actual construction. Id. 366 Pa. at 552, 79 A.2d at 220. The court found testimony

by the architect that he "inspected" the site to see if construction conformed to the drawings and conferred with the contractor to be "meager" and insufficient to be considered supervisory.

Based on the afore discussed testimony, we too find insufficient evidence of supervision to satisfy the demands of the Mechanic's Lien Law.

 We have considered only the evidence supporting the verdict as we must in reviewing the denial of a motion for judgment n.o.v. See *Glass v. Freeman,* 430 Pa. 21, 240 A.2d 825 (1968). Even considering it in the light most favorable to the verdict winner, we have found it insufficient. Finding this to be the case, we reverse and order imposition of judgment n.o.v. See *Stewart v. Chernicky,* 439 Pa. 43, 266 A.2d 259 (1970).

Judgment reversed and case remanded for new trial. This court relinquishes jurisdiction of this case.

McEWEN, J., concurs in result.

BECK, J., files concurring opinion.

BECK, Judge, concurring:

The initial issue for consideration in the present action is the effect of the parties' agreement to substitute a bond for a mechanic's lien claim which had been entered upon appellant Boland's real estate. In accordance with the agreement, the bond was filed and the lien was stricken. The legal effect of this substitution is covered by the Mechanics' Lien Law of 1963 (49 P.S. § 1510) which states that the entry of security in proper amount entitles the owner to have the mechanic's lien discharged, and the release of the premises follows as a matter of course. See also 12 *Standard Pa. Practice,* Mechanics' Lien, 51 at 201–2 (rev. ed. 1964); *Sulzer v. Ross,* 12 Pa.Super. 206 (1899); *Schellenbetrager v. O'Donnell,* 44 Pa.Super. 43 (1910).[1]

1. We note that when the mechanic's lien was discharged, the claim remained on the judgment index. Since the discharge of the lien should ordinarily result in striking the claim on the index, we con-

Since the lien against appellant's property was discharged, it is not necessary to reach the question whether appellee Stratford, who has a claim for reimbursement for architectural services, meets the requirements of "Contractor" within the meaning of the statute.

The question which remains, however, is whether Stratford, who has sued upon the mechanic's lien in his pleadings, can recover in contract without having averred contract in those pleadings. While it is true that a creditor may pursue the ordinary remedy of a creditor by bringing an action on the debt, since the remedies of the lien and the action on the debt are concurrent and cumulative, in this instance appellee Stratford has not proceeded correctly. In *Rees, Weaver and Co. v. M.B.C. Paper Mill Corp.,* 267 Pa.Super. 148, 406 A.2d 562 (1979) this Court held that an action based on an unperfected mechanic's lien claim was properly stricken, and the matter was not required to be treated as an action in assumpsit.

Appellant argues finally that its action was in assumpsit, and that for this reason the lower court should not have stricken the judgment as based on an unperfected mechanics' lien claim. The record belies this argument. Appellant's complaint is captioned: "Action to Obtain Judgment upon Mechanics' Lien Claim." An action to obtain judgment upon a mechanics' lien claim is an action in rem, not a personal action on a contract. *Costanzo v. Chianese,* 177 Pa.Super. 414, 110 A.2d 802 (1955); *Hoffman Lumber Co. v. Mitchell,* 170 Pa.Super. 326, 85 A.2d 664 (1952); Comment to 49 P.S. § 1702 (1965). While an action in assumpsit for labor and materials and an action to enforce a mechanics' lien claim for the same labor and materials are concurrent and cumulative remedies, appellant chose to pursue only the latter remedy. Appellant having made this choice, the lower court properly struck off the claim, since "[t]he proceeding for enforcement of the lien is entirely dependent upon the existence of the

clude that failure to strike the claim was an irregularity that should be overlooked.

lien, and if there is no lien, or it is divested or stricken off, the enforcement proceeding falls with it." 12 Stand.Pa. Prac.—*Mechanics' Lien* § 223 at 204 (rev. ed. 1964).

We point out, however, that a compulsory nonsuit in proceedings to enforce a lien does not bar a subsequent action on the debt. A plaintiff who fails to recover on a mechanic's lien because of a defect in the lien may resort to an action in debt against the same defendant. 12 *Standard Pa. Practice,* Mechanics' Lien § 51, at 205; *Contractors Lumber and Supply Co. v. Quinette,* 185 Pa.Super.Ct. 66, 137 A.2d 841 (1958).