## Moran & Priar Home Improvement SVC v. Khouri

*Loudon L. Campbell,* for plaintiffs.
*Edgar B. Bayley,* for defendants.

HOFFER, *J.*, April 12, 1984 — Before us are defendants' preliminary objections to plaintiffs' amended complaint. In the preceding mechanics' lien action, we entered judgment for plaintiffs on May 4, 1981, and the order of court became final with dismissal of defendants' exceptions on June 3, 1982. Moran and Priar Home Improving Service v. Khouri, 32 Cumberland L.J. 386 (1982). Subsequently, plaintiffs commenced an assumpsit action based on the same transaction at issue in the mechanics' lien claim. Defendants filed preliminary objections and plaintiffs amended the complaint. Defendants filed preliminary objections to the amended complaint, in the form of a demurrer and a challenge to plaintiffs' capacity to sue.

A demurrer admits all well-pleaded facts and reasonable inferences deducible therefrom. Gekas v. Shapp, 469 Pa. 1, 364 A.2d 691 (1976). Defendants' demurrer admits the following facts. John Khouri entered into a contract on behalf of himself and his wife Therese with Moran and Priar Home Improving Service for $30,885 worth of repairs and remodeling to a building they own as tenants by the entireties. The Khouris requested and agreed to pay for repairs and renovations not included in their contract. Moran and Priar completed the contract work except for $2,893.60 and performed extra work totaling $13,667.81. The Khouris paid $26,721 of the contract price and nothing for the extra work. Moran and Priar were damaged in the amount of $14,442.21. This court entered judgment

for Moran and Priar on June 3, 1982, for the total amount of the mechanics' lien claim, $12,164, and defendants appealed the outcome to the Superior Court at Docket No. 0199 PHL 82.

Defendants contend that the mechanics' lien judgment is res judicata on the assumpsit action. Both preliminary objections rely on this contention and will succeed or fail based upon our application of res judicata.

Res judicata includes three individual doctrines—merger, bar, and collateral estoppel. Defendants argue, "The judgment entered on the prior mechanics' lien is res judicata. Therefore, the current assumpsit action . . . should be dismissed upon defendants' demurrer." They truly intended to say that the mechanics' lien claim has merged with the judgment thereon, extinguishing any future claims. We must first inquire if defendants' application of the doctrine is appropriate.

In Contractors Lumber and Supply Company v. Quinette, 185 Pa. Super. 66, 137 A.2d 841 (1958), which defendants cite as controlling authority, a jury trial on a mechanics' lien claim resulted in a finding that no contract to supply materials existed. Defendants won the verdict. Subsequently, plaintiff commenced an assumpsit action on the same contract and it ended in a judgment on the pleadings for defendants. On appeal, the Superior Court affirmed, stating:

"It was judicially determined that there was no contract between the plaintiff and the defendants. We are of the opinion that the principle of res judicata is applicable to this case and that the court below properly applied the same. We have identity of the parties, cause of action, materials and the cost thereof. The evidence to prove the contract between the parties would necessarily be the same in the

present suit as it was in the former mechanics' lien proceeding. No good purpose would be served by readjudicating this question." (Emphasis added.) 185 Pa. Super. 66, 69, 137 A.2d 841, 842-843.

Quinette stands for the proposition that a finding of nonexistence of a contract, in a prior mechanics' lien claim, precludes the same issue from relitigation in a subsequent assumpsit action. It does not control the case at bar. Defendants' preliminary objections present an altogether different question: Does the merger of a mechanics' lien claim into the judgment for plaintiffs preclude their subsequent assumpsit action on the same contract?

We are of the opinion that judgment for plaintiffs on the mechanics' lien action does not preclude them from suing in assumpsit. The Mechanics' Lien Law of 1963 provides:

"Nothing in this act shall alter or affect the right of a claimant to proceed in any other manner for the collection of his debt." Act of August 24, 1963, P.L. 1175, No. 497, art. vii §702, 49 P.S. §1702.

Section 1702 merely codified the court decisions supporting plaintiffs' argument that mechanics' lien and assumpsit actions are cumulative remedies. It has been held that:

"[T]here may not only be a mechanics' lien filed against the owner and contractor, and that prosecuted to judgment, but a personal action may be brought on his personal liability on the contract." Artman v. Truby, 130 Pa. 619, 632, 18 Atl. 1065, 1066 (1890).

"A mechanics' lien is simply a statutory security for enforcing the payment of certain claims which have supposedly added to the value of the property. . . . It is an additional concurrent and cumulative remedy . . . and does not derogate from any other available remedies such as assumpsit."

Halowich v. Amminiti, 18 D.&C. 2d 306, 307 (1958), affirmed per curiam, on the opinion of the lower court, 190 Pa. Super. 314, 154 A.2d 406, 407 (1959).

"[A] creditor may bring an action in assumpsit and at the same time file a mechanics' lien and issue a writ of scire facias sur mechanics' lien thereon. We have no quarrel with the statement that these remedies are concurrent and cumulative." Contractors Lumber and Supply Company v. Quinette, 185 Pa. Super. 66, 68, 137 A.2d 841, 842 (1959).

"It is no doubt true . . . that an action of assumpsit for materials sold and a proceeding to enforce the mechancis' lien are concurrent and cumulative remedies." Hoffman Lumber Company v. Mitchell, 170 Pa. Super. 326, 330, 85 A.2d 664, 667 (1952).

The Restatement (Second) of Judgments persuasively states the general rule that merger of judgment with the claim extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction . . . out of which the claim arose." Restatement (Second) of Judgments §24. One exception to the rule is that part or all of the claim subsists as a possible basis for the second action by plaintiff against defendant when "it is the sense of the [statutory] scheme that plaintiff should be permitted to split his claim. . . ." Restatement (Second) of Judgments §26.

The Mechanics' Lien Law intended that plaintiffs' remedy in assumpsit survive, thus allowing him to split the claim, arising from contractual dealings, between a mechanics' lien claim and an assumpsit action. Further evidence of such intent is found in Pa. R.C.P. 1657: "No other cause of action

may be joined with an action to obtain judgment on a [mechanics' lien] claim." Accordingly, a plaintiff seeking recovery on a contract must necessarily file a separate assumpsit action, although his mechanics' lien claim arises from the same transaction.

We find no reason why plaintiffs cannot maintain their assumpsit action in addition to the mechanics' lien claim. To the contrary, "A party may have many securities for the same debt, and may proceed on them all until he obtains satisfaction. . . . " Artman v. Truby, 130 Pa. 619, 632, 18 Atl. 1065, 1066 (1890).

Plaintiffs' reasons for filing the assumpsit action subsequent to judgment on the mechanics' lien claim are apparent from the facts of the case. At the conclusion of trial on the mechancis' lien, we determined that plaintiffs were due $14,442.21; however, our judgment was limited to the amount of the lien filed, $12,164.* Therefore, plaintiffs seek recov-

---

*Conclusion of Law 7 from our May 4, 1981, Opinion of Court states:

The total amount due to the plaintiffs exceeded the amount of the mechanics' lien claim as was computed as follows:

| | |
|---|---:|
| Contract Price | $30,885.00 |
| + Extra Work | 13,667.81 |
| —Payments Received | 26,721.00 |
| —Uncompleted Work | 2,893.60 |
| | $14,938.21 |

Our order of court dated June 3, 1982, supplemented the findings of facts of our May 4, 1981, opinion of court as follows:

And now, this June 3, 1982, defendant's exceptions to the May 4, 1981, opinion and order of court are hereby overruled. The prothonotary is ordered to enter a final judgment of $12,146 in favor of plaintiffs with the following findings of fact to be included in the May 4, 1981, opinion of court:

17. Defendants were entitled to a credit of $496.

ery of the difference between the mechanics' lien judgment and the amount due.

Plaintiffs indicate that the assumpsit action will not relitigate issues determined in the mechanics' lien claim. Indeed, the parties cannot relitigate the issues raised in the prior action but are bound by our findings therein by virtue of the doctrine of collateral estoppel.

### ORDER OF COURT

And now, this April 12, 1984, for the reasons stated in the opinion filed this date, defendants' preliminary objections are hereby overruled.

---

18. The total amount due to plaintiffs was $14,442.21 ($14,938.21 less the credit of $496). This amount exceeded the mechanics' lien amount of $12,164.

On June 9, 1982, we amended our order of June 3, 1982, as follows:

And now, June 9, 1983, the order of court of June 3, 1982, is amended to reflect a typographical error in the second sentence of the order; the amended order shall read as follows:

"The prothonotary is ordered to enter a final judgment of $12,164 in favor of plaintiffs with the following findings of fact to be included in the May 4, 1981, opinion of court:'

The remainder of the order shall be in full force and effect.