McCarthy, Appellant, *v.* Reed Terrace, Inc.

Argued January 6, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lloyd B. White, Jr.,* for appellant.

*Howard Saul Marcu,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 22, 1966:

Appellant, Walter F. McCarthy, a contractor, and Reed Terrace, Inc., appellee, entered into an agreement for the construction of eleven duplex houses in Delaware County. As a result of disputes over payment for work and materials, appellant on December 23, 1964 filed a mechanic's lien against the premises. On *January 29, 1965,* appellant filed an affidavit of service which averred that notice of the filing of the claim was given to the appellee on *December 30, 1964.*

Appellee filed preliminary objections based in part upon appellant's failure to comply with the Mechanics' Lien Law, which requires that to perfect a lien one must "(2) serve written notice of such filing upon the owner within one (1) month after filing. . . . An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service. . . ." The Act further states that noncompliance "shall be sufficient ground for striking off the claim." Act of August 24, 1963, P. L. 1175, No. 497, §502(a)(2), 49 P.S. §1502(a) (2).

The record discloses that the appellant filed the affidavit of service more than 20 days after service contrary to the statutory provisions. He, however, contends that under the new act the 20 days permitted for the filing of the affidavit of service only begins to run after the one month permitted for service of the written notice of filing of the claim has elapsed. The lower court did not agree with this contention holding that it contravened the clear and precise provisions of the Act which require the filing of an affidavit of service of notice of the claim within 20 days of such service. We agree with the court below and sustain the order striking off the claim.

Order affirmed.