## John A. O'Connor Co., Inc. v. Hansen

*Robert L. Franklin,* for plaintiff.
*George F. Shinehouse, Jr.,* for defendant.

BIESTER, P. J., January 21, 1969.—On March 22, 1968, John A. O'Connor Co., Inc., as contractor, filed a mechanic's lien claim against certain premises situate in Chalfont, this county, under an alleged oral contract for the erection of two barns situate on the premises. The owners are named as being Elmer F. Hansen and Bertha E. Hansen, his wife. A suggestion of the death of Elmer F. Hansen, one of the defendants, has been filed, to indicate that the title to the property, the subject of this dispute, is now vested in Bertha E. Hansen.

The matter presently before us involves preliminary objections filed by defendant to the complaint and the mechanic's lien claim.

The thrust of the attack upon the procedure is two-pronged, one relating to the manner of service of the notice of filing of the claim, it having been made by certified mail, and the second having to do with the late filing of the affidavit of service of notice.

Section 502 of the Mechanics' Lien Law of August 24, 1963, P. L. 1175, 49 PS §1502, provides, inter alia, that to effect the lien every claimant must:

(2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court term and number and date of the filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.

"(c) Manner of service. Service of the notice of filing of claim shall be made by an adult in the same

manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement."

Plaintiff contends that service by certified mail is permitted, making the spurious argument that such notice is served by a postal employe and that we may assume that such an employe was an adult. Reference to Pa. R. C. P. 1009, controlling the manner in which a writ of summons or a complaint in assumpsit may be served, makes no provision for service by certified mail, with the exception of circumstances not pertinent to this opinion. Any contention that the use of the words "by an adult" in describing the manner in which the service may be effected extends the manner of service to certified mail has no merit whatsoever. The same result was arrived at in Winegar v. Bente, 39 D. & C. 2d 558, although we do not base our holding on the conclusion reached in that case that the service of the notice of the filing of the claim must be made by the sheriff in order to be efficacious, as such a finding is not required to reach our result.

To buttress our opinion, it may be observed that the affidavit of service was taken by a secretary in the office of plaintiff's counsel, it evidently having been the opinion of counsel that she was the person who had served the defendant by means of mailing the notice. Further, the Mechanics' Lien Law in its provisions dealing with service of the preliminary notice, provides explicitly for service by registered or certified mail, clearly demonstrating that the legislature intended to make a distinction between the manner of service of the preliminary notice and the service of the notice of the filing of the claim.

The filing of the affidavit of service of notice was likewise defective, in that it was filed of record on April 24, 1968, more than 20 days after the alleged

service by certified mail on March 25, 1968. This was also in clear contravention of the provisions of the act above set forth: McCarthy v. Reed Terrace, Inc., 420 Pa. 534.

As was said in Samango v. Hobbs, 167 Pa. Superior Ct. 399, 403:

"A right to file a mechanics lien, as has been uniformly held by all the courts, is of statutory origin. No such right existed at common law. It is class legislation and, therefore, must be strictly construed. If a party desires to avail himself of it, he must comply strictly to the provisions of the statute conferring the right."

Under the facts in this case, we have no alternative but to make the following

## ORDER

And now, to wit, January 21, 1969, the preliminary objections filed by defendant to the complaint in the action upon the mechanic's lien above set forth, and also the preliminary objections to the mechanic's lien claim itself are sustained and the mechanic's lien is hereby stricken and discharged.