406 A.2d 562

**REES, WEAVER & CO., INC., Appellant,**

v.

**M.B.C. PAPER MILL CORP.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided June 15, 1979.

Donald J. Martin, Norristown, for appellant.

Lawrence F. Flick, Norristown, for appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This appeal is from an order granting a petition to strike a default judgment on a mechanics' lien claim.

Appellant filed the mechanics' lien claim in question on September 14, 1976. The claim stated that appellant had supplied materials and labor for improvements to buildings and land located in Montgomery County and owned by appellee, a foreign corporation qualified to do business in Pennsylvania. Notices of the filing were delivered to the sheriff for service on the Secretary of the Commonwealth and at appellee's last known address. The sheriff sent the notices by certified mail, postage prepaid, return receipt requested. On September 24 the Secretary of the Commonwealth acknowledged receipt of the notice. On October 13 the post office returned as "unclaimed" the notice directed to appellee at its last known address. On October 21 the sheriff filed his return. On December 3 appellant filed an

action to obtain judgment on its claim. Judgment by default was entered on December 29. On February 28, 1977, appellee filed a petition to strike the judgment, alleging that appellant's claim was unperfected because of filing irregularities.

No dispute exists that service was proper. 49 P.S. § 1502(a) (1965) states:

To perfect a lien, every claimant must:

(1) file a claim with the prothonotary as provided by this act within four (4) months after the completion of his work; and

(2) serve notice of such filing upon the owner within one (1) month after filing, giving the court term and number and date of filing of the claim.

49 P.S. § 1502(c) states that "[s]ervice of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit . . . ." Because appellee is a foreign corporation registered to do business in Pennsylvania, appellant's service upon it by certified mail was proper. 42 Pa.C.S.A. §§ 8301 and 8307 (Supp. 1978–79); Pa.R.C.P. 1009 and 2180. Nevertheless, the lower court held appellant's claim unperfected because, it found, no affidavit of service had been filed within twenty days of service. 49 P.S. § 1502(a) states that

[a]n affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure . . . to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.

In finding that no affidavit of service had been filed within twenty days of service, the lower court assumed, without deciding, that the sheriff's return was the equivalent of an affidavit of service.[1]

1. We note that 12 Stand.Pa.Prac.—*Mechanics' Liens* § 178 at 170 (rev. ed. 1964) states: "A sheriff's return of service supported by a jurat may constitute a sufficient affidavit [under 49 P.S. § 1502]." The sheriff's return in the present case was not supported by a jurat,

The correctness of the lower court's decision depends upon the date when service was complete. If service was complete on September 24, when the Secretary received notice, then the sheriff's return, which was filed on October 21, was indeed not filed within the twenty-day period prescribed by the statute. If, however, service was not complete until October 13, when the unclaimed letter addressed to appellee was returned to the sheriff, then the sheriff's return was filed within the twenty-day period, and compliance with the statute arguably occurred.[2] This problem, however, need not detain us long. 42 Pa.C.S.A. § 8307 states that process directed to a foreign corporation qualified to do business in Pennsylvania

> shall be served . . . upon the Department of State, by sending by registered or certified mail, postage prepaid, a true and attested copy of such process, with the fee required by law, and by sending to the defendant, by registered or certified mail, postage prepaid, a true and attested copy thereof, with an endorsement thereon of the service upon the Department of State, addressed to such defendant at his last known address. The Department of

but because of our disposition below we do not reach appellant's argument that "a Sheriff's Return is tantamount to an affidavit taken by any other person."

2. No one has asserted that service was complete when the sheriff posted the notices in the mail. We note, however, that several lower court decisions addressing this issue hold that posting does not complete service, and that service is complete no sooner than receipt of process by the Secretary. *See Cowan v. Rubin*, 28 Pa.D. & C.2d 455 (1962); *Radelbeck v. Miller*, 11 Bucks Co.L.Reps. 40 (1961); *Denby v. Echo Falls Farm, Inc.*, 20 Pa.D. & C.2d 477 (1959) (noted in Annot., 86 A.L.R.2d 1000, 1006 (1962)). We also note that Pa.R.C.P. 2180(a) states that service of process may be made upon a corporation "by *delivering* an attested or certified copy [of the process] in the manner provided by law to a statutory agent authorized to receive service of process." (Emphasis added) This rule implies that service is not complete until the Secretary of the Commonwealth receives the process that has been mailed pursuant to 42 Pa.C.S.A. §§ 8301 and 8307. In addition, 42 Pa.C.S.A. § 8307 states that "[t]he Department of State shall keep a record of the day and hour of the service of such process on it." Again, the implication is that service does not occur until receipt by the Secretary.

State shall keep a record of the day and hour of the service of such process on it. The registered or certified mail return receipts of the Department of State and of such defendant shall be attached to and made a part of the return of service of such process, except that if the defendant refuses to accept the notice mailed, or cannot be found at his last known address, the registered or certified mail return receipt or other evidence of such facts shall be attached to and made a part of the return and shall constitute sufficient service under the provisions of this section.[3]

It is plain from these provisions that the completion of service is not delayed until the defendant either receives notice or the notice is returned unclaimed. As stated in 6 Goodrich-Amram 2d § 2080:4 at 448–49:

When the sheriff sends a copy of the writ to the defendant he is only giving him notice of the pendency of the action. Service, as that term is used in the statute, was effected by sending the copy of the writ to the Secretary of the Commonwealth who is made the agent to receive service for the nonresident. Once the Secretary is served, jurisdiction is obtained over the person of the nonresident and the court has the power to enter an in personam judgment against him. The giving of the notice by "serving" the nonresident with a copy of the writ does not add to this jurisdiction already obtained by serving the Secretary. But it does give the defendant such notice of the proceedings as to make reasonable the exercise of the jurisdiction thus obtained. Without such notice the procedure would be lacking in due process and the judgment would not be valid.

(Footnotes omitted.)

See also Wax v. Van Marter, 124 Pa.Super. 573, 180 A. 537 (1937); Pasternak v. Dalo, 17 F.R.D. 420 (W.D.Pa.1955).

3. It may be noted that the Secretary of the Commonwealth is the chief officer of the Department of State. See Action Industries, Inc. v. Wiedeman, 236 Pa.Super. 447, 458 n. 10, 346 A.2d 798, 804 n. 10 (1975).

Although this commentary appears in a discussion of service of process on defendants who are non-residents or who conceal their whereabouts, service on those defendants is substantially similar to service on foreign corporations. *See* Pa.R.C.P. 2076 *et seq.*[4] The commentary is therefore equally applicable to the present case.

Appellant argues that even if we conclude, as we just have concluded, that the sheriff's return was filed beyond the twenty day period prescribed in 49 P.S. § 1502, still the late filing should be excused because, appellant says, the sheriff could not have filed his return before the notice addressed to appellee was returned to him unclaimed. We see no reason, however, why the sheriff could not have filed one return, within twenty days of service on the Secretary, and a second, showing service at appellee's last known address. In any case, appellant could have filed an affidavit of service within twenty days of service on the Secretary. Appellant had the responsibility of filing this affidavit, and nothing prevented it from doing so.

▮▮▮ Appellant also argues that its claim should not have been stricken because appellee was not prejudiced by the delay in the filing of the affidavit of service, and substantial compliance with the statute occurred. This argument ignores both the words of 49 P.S. § 1502 and established precedent. The statute provides that the failure to file the affidavit within the prescribed period "shall be sufficient ground for striking off the claim;" and the cases hold that this unequivocal provision is not to be diminished or qualified. *McCarthy v. Reed Terrace, Inc.*, 420 Pa. 534, 218 A.2d 229 (1966); *Day and Zimmerman, Inc. v. Blocked Iron Corp. of America*, 394 Pa. 386, 147 A.2d 332 (1959); 12 Stand.Pa.

---

4. Indeed, Pa.R.C.P. 2076 *et seq.* is, in part, only a reiteration of the procedures set forth in 42 Pa.C.S.A. § 8307, which prescribes not only the manner in which process may be served on foreign corporations, but also on non-residents and persons who conceal their whereabouts. *See* 42 Pa.C.S.A. §§ 8303–06; *Action Industries, Inc. v. Wiedeman, supra; Stepnowski v. Avery*, 234 Pa.Super. 492, 340 A.2d 465 (1975).

Prac.—*Mechanics' Lien* § 179 (rev.ed.1964). As stated in *Keely v. Jones*, 35 Pa.Super. 642, 645 (1908): "When the act fixes a date at which, or within which, something is to be done in order to establish a valid claim, substantial conformity will not answer. There must be compliance with the requirement." *See also Thompson v. Radell*, 42 Pa.Super. 105 (1910).[5]

Appellant argues finally that its action was in assumpsit, and that for this reason the lower court should not have stricken the judgment as based on an unperfected mechanics' lien claim. The record belies this argument. Appellant's complaint is captioned: "Action to Obtain Judgment upon Mechanics' Lien Claim." An action to obtain judgment upon a mechanics' lien claim is an action in rem, not a personal action on a contract. *Constanzo v. Chianese*, 177 Pa.Super. 414, 110 A.2d 802 (1955); *Hoffman Lumber Co. v. Mitchell*, 170 Pa.Super. 326, 85 A.2d 664 (1952); Comment to 49 P.S. § 1702 (1965). While an action in assumpsit for labor and materials and an action to enforce a mechanics' lien claim for the same labor and materials are concurrent and cumulative remedies, appellant chose to pursue only the latter remedy. Appellant having made this choice, the lower court properly struck off the claim, since "[t]he proceeding for enforcement of the lien is entirely dependent upon the existence of the lien, and if there is no lien, or it is divested or stricken off, the enforcement proceeding falls with it." 12 Stand.Pa.Prac.—*Mechanics' Lien* § 223 at 204 (rev.ed.1964).

Affirmed.

5. The failure to file any affidavit within the period prescribed by statute should be distinguished from the failure to observe the requirements for the contents of the affidavit. If the affidavit is timely filed, it may be amended to adhere to statutory requirements. *Cf. Tesauro v. Baird*, 232 Pa.Super. 185, 335 A.2d 792 (1975).