## McDermitt Inc. v. Nelson

*Walton V. Davis,* for claimant.
*Ralph D. Oyler,* for owners.

SPICER, *P.J.,* June 21, 1989 — Claimant filed a mechanic's lien claim on March 9, 1989. In paragraph 4, the claim stated:

"(4) Claimant delivered the concrete materials and delivery services to the owners pursuant to an oral contract with the owners, trading as Carroll Industrial Supply, with the prices to be the usual and customary charges for such material and services, on an open account."

The claim was served upon Ralph D. Oyler, Esq., attorney for owners at 9:40 a.m. on March 15, 1989. Mr. Oyler, accepted service. The acceptance and the sheriff's verified return were filed the same day.

Owners filed preliminary objections on May 1, 1989. Some of these objections raised matters dehors the record but no effort has been made to pursue them and we consider them waived for present purposes. Three objections remain:

(1) Claimant did not state that he filed as contractor as required by 49 P.S. §1503(1).

It is true the exact wording of the statute has not been used but the claim clearly indicates that claimant files as a contractor. We will, therefore, dismiss this objection.

(2) Claimant has not itemized the kind and character of the materials furnished as required by 49 P.S. §1503(6).

This objection is well taken. *Dahlhausen v. Deichelmann,* 69 D.&C. 459 (1949), citing *Hamilton v. Means,* 155 Pa. Super. 245, 38 A.2d 528 (1944). The claim will be stricken with leave to amend pursuant to 49 P.S. §1504.

(3) No notice of filing was served on claimant and no affidavit of service was filed.

The record contains no document identified as a notice of filing. Owners' attorney accepted service of the claim on March 15, 1989.

The act, 49 P.S. §1502(a)(2) provides that the claimant must "serve written notice of such filing upon the owner within one month after filing, giving the court term and number and date of filing of the claim." The act goes on to require an affidavit of service. "Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim." *Id.*

Despite some opinions describing the act as remedial, these provisions have been strictly construed. Even when there has been service, proof of service tardily filed or not filed at all results in the claim being stricken. *McCarthy v. Reed Terrace Inc.*, 420 Pa. 534, 218 A.2d 229 (1966). *Rees, Weaver & Company Inc. v. M.B.C. Paper Miller Corp.,* 267 Pa. Super. 148, 406 A.2d 562 (1979). Furthermore, the return must be in the form of an affidavit. A sheriff's standard form, without an affidavit, is not sufficient. *Hoffman Lumber Company v. Geesey,* 35 D.&C. 2d 200 (1964).

The issue in this case before us is whether service of the claim itself fulfills the mandatory requirements of the act. One case, *Sabo v. Kurland,* 22 D.&C. 2d 221 (1960), holds that:

"[S]erving the lien itself does not necessarily notify the owner of the court, term and number and it certainly does not inform an owner, perhaps as unlettered as the mechanic himself, of the fact of filing." *Id.* at 224.

At least part of this comment is irrelevant if an attorney accepts service, as was done in this case.

Despite the strict construction accorded to the statute, Superior Court has on one occasion upheld an otherwise defective notice under the doctrine of substantial compliance. A notice was held sufficient despite lacking the term number and date of filing. *Tesauro v. Baird,* 232 Pa. Super. 185, 335 A.2d 792 (1975).

This opinion floats in a sea of strict adherence. Several cases held that liens are stricken even when technical difficulties may be laid at the doorstep of others, such as the sheriff. Nonetheless, the *Tesauro* case can be regarded as some indication that courts are not tied to inflexible responses in this area.

The first question we address is whether "notice of such filing" must be by separate document. Section 1502 speaks of "a claim" and "written notice" and the assumption may be drawn that two documents are required. Certainly, counsel would be better advised to serve a formal written notice clearly identifiable as such. However, we think that a claim may, in some instances, suffice as notice.

The act requires that the owner be notified that a claim has been filed. We have not seen the actual notice involved in *Tesauro, supra,* but it is safe to assume it unequivocally stated the fact of filing. The act explicitly requires the court term and number and the date of filing.

The acceptance of service, which was attached to the sheriff's return of service, clearly identifies the court and the court number. We can assume owners' counsel, whom we know to be competent, knows that numbers and terms are assigned only for filed cases. The claim itself identifies what it is.

Thus, the only deficiency is the date of filing.

We agreed with owners that this cannot be provided by amendment. *Hoffman Lumber Company, supra,* would seem to accurately reflect the law.

The act makes no provision for the amendment of an affidavit of service. An opinion disagreeing with the Chester County decision, *A.L. Wiesenberger Associates v. Jarpenn Company*, 57 D.&C. 2d 147 (1972), relied on a pre-1963 case, *Lapidus v. Wallenbach*, 9 D.&C. 2d 717 (1956). As *Hoffman* aptly points out, the forerunner to the 1963 act allowed amendment to all filings; the 1963 act restricted amendment to the claim itself.

However, the claim substantially complies with the requirement of notice and service is upheld.

## ORDER OF COURT

And now, June 21, 1989, the mechanic's lien claim is stricken with leave given claimant to file an amended claim.