2019 PA Super 219

| TERRA FIRMA BUILDERS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM KING A/K/A BILLY M. KING | : | No. 2593 EDA 2018 |
| AND MELANIE L. KING A/K/A | : | |
| MELANIE L. FRANTZ | : | |

Appeal from the Order Dated August 22, 2018
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2015-001536

BEFORE: KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

DISSENTING OPINION BY MURRAY, J.: **FILED JULY 19, 2019**

Owners argue that the mechanics' lien at issue in this case is invalid because Contractor did not perfect the lien by filing an affidavit of service of notice for the lien pursuant to Section 502(a) of the Mechanics' Lien Law. **See** 42 P.S. § 1502(a). The Majority concludes that Owners waived their claim that Contractor failed to perfect the lien because Owners did not raise this defense to the enforcement of the lien until after preliminarily objections and the trial to enforce the lien. Majority Op. at 8-9. In my view, however, the Mechanics' Lien Law and the applicable precedent do not preclude a party from raising a defense to the enforcement of a mechanics' lien at any time, and thus, a party may move to strike a lien even after the conclusion of enforcement proceedings. Therefore, I dissent.

_____

* Retired Senior Judge assigned to the Superior Court.

Because this case presents an issue of statutory interpretation, we recognize the following:

> "As this matter implicates an issue of statutory interpretation, our task is to determine the will of the General Assembly using the language of the statute as our primary guide." ***Osprey Portfolio, LLC v. Izett***, [] 67 A.3d 749, 754 ([Pa.] 2013) (internal quotation marks omitted). ***See generally*** 1 Pa.C.S.[A.] § 1928(a) ("The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."). When the words of a statute are clear and precise, reviewing courts may not disregard those words under the pretext of pursuing the "spirit" of the enactment. ***See id.*** § 1921(b). Where, however, there is a conflict or ambiguity, we may resort to the tools of statutory construction. ***See Oliver v. City of Pittsburgh***, [] 11 A.3d 960, 965 ([Pa.] 2011). In so doing, we keep in mind that such tools are used as an aid in uncovering the intent of the Legislature, which is always the objective in matters of statutory construction. ***See Commonwealth v. Baker***, [] 690 A.2d 164, 167 ([Pa.] 1997).

***Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co.***, 90 A.3d 682, 689 (Pa. 2014).

As the Majority explained, our Supreme Court has stated generally the following about mechanics' liens:

> Mechanics' liens were unknown at common law and are entirely a creature of statute. Such liens are designed to protect persons who, before being paid (or fully paid), provide labor or material to improve a piece of property. ***See generally Matternas v. Stehman***, 642 A.2d 1120, 1124 (Pa. Super. 1994) ("The Mechanics' Lien Law of 1963 was intended to protect the prepayment labor and materials that a contractor invests in another's property [.]"). Mechanics' liens accomplish this goal by giving lienholders security for their payment independent of contractual remedies.

***Id.*** (footnote and some citations omitted).

- 2 -

"The Mechanics' Lien Law, Title 49 of Pennsylvania's Statutes, is a creation in derogation of the common law, and, therefore, any question of interpretation shall be resolved in favor of **strict, narrow** construction." ***Wyatt Inc. v. Citizens Bank of Pa.***, 976 A.2d 557, 564 (Pa. Super 2009) (emphasis added). It is well-settled that "[t]o effectuate a valid [m]echanics' [l]ien claim, the contractor or subcontractor must **strictly** comply with the requirements of Title 49." ***Id.*** (emphasis added).

"To file properly a [m]echanics' [l]ien, a subcontractor must [first] **strictly** comply with the notice requirement of § []501[.]"[1] ***Id.*** (emphasis

---

[1] Section 501 provides as follows:

> **(b.1) Time Period of Formal Notice.** No claim by a subcontractor, whether for erection or construction or for alterations or repairs, shall be valid unless, at least thirty (30) days before the same is filed, he shall have given to the owner a formal written notice of his intention to file a claim, except that such notice shall not be required where the claim is filed pursuant to a rule to do so as provided by section 506.1.
>
> **(c) Contents of Formal Notice.** The formal notice shall state:
>
> (1) the name of the party claimant;
>
> (2) the name of the person with whom he contracted;
>
> (3) the amount claimed to be due;
>
> (4) the general nature and character of the labor or materials furnished;
>
> (5) the date of completion of the work for which his claim is made;

added). Section 502(a) then sets forth the requirements for perfecting a mechanics' lien:

> **(a) Perfection of Lien.** To perfect a lien, every claimant must:
>
> (1) file a claim with the prothonotary as provided by this act within six (6) months after the completion of his work; and
>
> (2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. **Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.**

49 P.S. § 1502(a) (emphasis added).

Our case law has made clear that strict compliance with these provisions of the Mechanics' Lien Law is necessary to secure a valid lien. *Regency Invs., Inc. v. Inlander Ltd.*, 855 A.2d 75, 79 (Pa. Super. 2004). "Pennsylvania courts have not hesitated to strike down a claim if the notice provisions were

---

> (6) a brief description sufficient to identify the property claimed to be subject to the lien.
>
> **(d) Service of notice.** The notice provided by this section may be served by first class, registered or certified mail on the owner or his agent or by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement.

49 P.S. § 1501.

not met." ***Tesauro v. Baird***, 335 A.2d 792, 793 (Pa. Super. 1975). This Court has explained:

> The doctrine of substantial compliance does not apply when the timeliness of the service of notice is at issue. ***Tesauro***, ***supra***. Substantial compliance applies only to a defect in the "form" of the notice. ***Id***. Previously, this Court addressed arguments regarding substantial compliance in that particular context of Mechanics' Lien law. ***Samango v. Hobbs***, [] 75 A.2d 17, 20 ([Pa. Super.] 1950). The ***Samango*** Court stated:
>
>> . . . The plaintiff contends that a substantial conformance with this section of the statute is all that is required, and that the section will not be construed to be mandatory unless it would be inequitable to allow the lien to remain. This contention entirely overlooks the well established rules applicable to the interpretation of mechanics' liens. The language of the provision is clearly mandatory [ . . . ]. A compliance with the provision is a prerequisite to the validity of the lien, **and the failure to observe it invalidates the lien**. [ . . .] The right to file a mechanics' lien, as has been uniformly held by all the courts, is of statutory origin. No such right existed at common law. It is class legislation and therefore must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right.
>
> ***Id***. at 19–20 (internal citation omitted). Hence, substantial compliance does not apply to situations where notice was served, but service was untimely. ***Tesauro***, ***supra***. Notwithstanding more recent amendments to the Mechanics' Lien statute, one fact remains the same: notice of a claim must be served "within one (1) month after filing...." See 49 P.S. § 1502(a)(2).

***Regency Invs.***, 855 A.2d at 79.

Section 505 sets forth the procedure for contesting the validity of a mechanics' lien:

> Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary

objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed. **Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings.**

49 P.S. § 1505 (emphasis added).

Here, there is no dispute that Contractor failed to perfect the mechanics' lien because Contractor did not file the affidavit of service of notice required by Section 502(a). Contractor nonetheless asserts that Owners waived their right to challenge the lien under Section 505 on this basis because they did not raise the issue until after the trial on the enforcement of the lien.

The Majority agrees, concluding — without explanation or citation to any authority:

> Section 505 can properly be construed as providing that if one of the specified defenses has not been raised 'preliminary' by the time a § 1701 enforcement action has been filed to obtain judgment on the claim, but the owner desires to assert a Section 505 defense, it must be raised in the enforcement proceeding in accordance with the manner provided for in the applicable rules of civil procedure.

Majority Op. at 8.

There is no support, either in the Mechanics' Lien Law itself or the applicable case law, for this interpretation of Section 505. Section 502 states that in order to perfect a lien, the lienholder must file a claim with the prothonotary, serve written notice on the owner, and file an affidavit of service of notice. 49 P.S. § 1502(a). Section 502 goes on to state that "[f]ailure to serve such notice or to file the affidavit or acceptance of service within the

times specified **shall** be sufficient ground for striking off the claim." 49 P.S. § 1502(a)(2) (emphasis added). Section 505 provides that any party may file preliminary objections "for lack of conformity with this act," in which the objecting party could then contest the validity of the lien based on the lienholder's failure to file an affidavit of service. **See** 49 P.S. § 1505. Critically, Section 505 goes on to state that "[f]ailure to file an objection preliminarily **shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings**." **Id.** (emphasis added). Thus, Section 505 unambiguously places no limit on when a party may raise a defense to the enforcement of the lien. **See id.**

Additionally, case law has explicitly held that strict compliance with the notice provisions of Sections 501 and 502 is necessary to secure a valid mechanics' lien. **See Wyatt Inc.**, 976 A.2d at 564; **Regency Invs.**, 855 A.2d at 79. It is well settled that Pennsylvania courts will strike a lien if the lienholder did not satisfy these notice provisions. **Tesauro**, 335 A.2d at 793.

For example, in **Rees, Weaver & Company Incorporated, v. M.B.C. Paper Mill Corporation**, 406 A.2d 562 (Pa. Super. 1979), the contractor properly filed and served a mechanics' lien on the owner, but filed the affidavit of service of notice after the 20-day period mandated by Section 502(a). **Id.** at 563. The contractor subsequently "filed an action to obtain judgment on its claim[,]" and eventually obtained a default judgment. **Id.** Approximately two months later, the owner "filed a petition to strike the judgment, alleging

that [the contractor]'s claim was unperfected because of filing irregularities."
*Id.* The trial court determined that the mechanics' lien was invalid and granted the owner's petition to strike the default judgment. *Id.*

This Court affirmed the trial court's determination that the lien was invalid, and explaining:

> The statute provides that the failure to file the affidavit within the prescribed period "shall be sufficient ground for striking off the claim;" and the cases hold that this unequivocal provision is not to be diminished or qualified. *McCarthy v. Reed Terrace, Inc.*, [] 218 A.2d 229 ([Pa.] 1966); *Day and Zimmerman, Inc. v. Blocked Iron Corp. of [Am.]*, [] 147 A.2d 332 ([Pa.] 1959); 12 Stand.Pa.Prac. Mechanics' Lien § 179 (rev.ed.1964). As stated in *Keely v. Jones*, 35 Pa. Super. 642, 645 (1908): "When the act fixes a date at which, or within which, something is to be done in order to establish a valid claim, substantial conformity will not answer. There must be compliance with the requirement." *See also Thompson v. Radell*, 42 Pa. Super. 105 (1910).
>
> *     *     *
>
> "[T]he proceeding for enforcement of the lien is entirely dependent upon the existence of the lien, and if there is no lien, or it is divested or stricken off, the enforcement proceeding falls with it." 12 Stand.Pa.Prac. Mechanics' Lien § 223 at 204 (rev.ed.1964).

*Id.* at 565 (footnote omitted).

Therefore, in my view, the Mechanics' Lien Law and the pertinent authority support the conclusion that the failure to file an affidavit of service of notice invalidates a mechanics' lien, and under Section 505, the owner may move to strike the lien on that basis at any time. There is no support for the Majority's position that Section 505 contains a limitation on the time during which an owner may challenge the validity of a lien.

In this case, the parties do not dispute that Contractor failed to file the affidavit of service of notice mandated by Section 502(a). Thus, Contractor's mechanics' lien was invalid. Under Section 505 and the applicable case law, Owners were entitled to challenge the validity of the lien on this basis at any time, and did so by filing a petition to strike the lien. Consequently, I would affirm the trial court's decision to grant the petition to strike.