**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**BAER, C.J., SAYLOR, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| TERRA FIRMA BUILDERS, LLC, | : | No. 15 MAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court dated 07/19/2019 at No. 2593 |
| v. | : | EDA 2018, reversing the 8/21/2018 |
| | : | Order of the Court of Common |
| | : | Pleas, Delaware County, at No. CV- |
| WILLIAM KING, a/k/a BILLY M. KING, AND | : | 2015-001536. |
| MELANIE L. KING, a/k/a MELANIE L. | : | |
| FRANTZ | : | ARGUED: October 21, 2020 |
| | : | |
| Appellants | : | |
| | : | |

**OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED: April 29, 2021**

We consider whether the failure of a mechanics' lien claimant to comply with express statutory requirements results in an unperfected lien such that the property owner's late objection to the lien's defect does not constitute waiver. We conclude the Superior Court erred in determining that the owner's objection to the defect was waived in this case, and we therefore reverse.

Appellants, William King a/k/a Billy M. King, and Melanie L. King a/k/a Melanie L. Frantz (the Kings), hired appellee Terra Firma Builders, LLC (TF) to perform construction work in the backyard of their home. The construction began on June 25, 2012 pursuant to a written contract. In December 2012, TF was removed from the project before its completion due to a dispute about the work performed up to that point. On February 20,

2013, TF commenced two lawsuits in the court of common pleas of Delaware County: 1) a civil action seeking damages for breach of contract and unjust enrichment; and 2) a mechanics' lien claim for alleged unpaid labor and materials in the amount of $131,123.24, pursuant to the Mechanics' Lien Law of 1963, 49 P.S. §§1101-1902 (the Law). TF effectuated service of the mechanics' lien on the Kings by sheriff on March 18, 2013, and filed an affidavit of service with the court on March 22, 2013, as required by Section 502 of the Law.[1] However, on April 23, 2013, TF filed a praecipe for voluntary discontinuance of the mechanics' lien claim.

Shortly thereafter, on April 29, 2013, TF filed another mechanics' lien claim against the Kings for the same dollar amount as the discontinued lien; this lien was assigned a new docket number. TF did not file the required affidavit of service for this lien claim. On May 17, 2013, the Kings filed an answer to the lien claim with a counterclaim alleging breach of contract. The Kings did not challenge TF's failure to file an affidavit of service at this time.

Almost two years later, on February 19, 2015, TF filed a complaint to enforce and obtain judgment on its lien pursuant to Section 701 of the Law.[2] The Kings apparently

---

[1] As further discussed, *infra*, Section 502 provides, in pertinent part, as follows:

(a) **Perfection of Lien.** To perfect a lien, every claimant must:

(1) file a claim with the prothonotary as provided by this act within six (6) months after the completion of his work; and

(2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.

49 P.S. §1502.

[2] Section 701, entitled "Procedure to obtain judgment," provides:

did not file preliminary objections or otherwise raise TF's failure to file an affidavit of service at this time. Almost three more years passed, and on December 8, 2017, the common pleas court consolidated TF's mechanics' lien and breach of contract actions. The consolidated matters proceeded to a bench trial before the Honorable Spiros E. Angelos. At trial, the parties agreed that TF failed to complete the project but disputed the amount of work remaining unfinished and the quality of the work completed. Findings

---

(a) Practice and Procedure. The practice and procedure to obtain judgment upon a claim filed shall be governed by the Rules of Civil Procedure promulgated by the Supreme Court.

(b) Time for Commencing Action. An action to obtain judgment upon a claim filed shall be commenced within two (2) years from the date of filing unless the time be extended in writing by the owner.

(c) Venue; Property in More Than One County. Where a claim has been filed in more than one county as provided by section 502(b), proceedings to obtain judgment upon all the claims may be commenced in any of the counties and the judgment shall be res adjudicata as to the merits of the claims properly filed in the other counties. The judgment may be transferred to such other county by filing of record a certified copy of the docket entries in the action and a certification of the judgment and amount, if any. The prothonotary of the court to which the judgment has been transferred shall forthwith index it upon the judgment index and enter it upon the mechanics' lien docket.

(d) Limitation on Time of Obtaining Judgment. A verdict must be recovered or judgment entered within five (5) years from the date of filing of the claim. Final judgment must be entered on a verdict within five (5) years. If a claim is not prosecuted to verdict or judgment, as provided above, the claim shall be wholly lost: Provided, however, That in either case, if a complaint has been or shall be filed in the cause and if the cause has been or shall be at issue, all time theretofore or thereafter consumed in the presentation and disposition of all motions and petitions of defendants, substituted defendants and intervenors in the cause, and in any appeal or appeals from any order in the cause, from the date of perfection of such appeal to the date of return of the certiorari from the appellate court to the court of common pleas, shall be excluded in the computation of the five (5) year period herein provided.

(e) Defense to Action on Claim. A setoff arising from the same transaction or occurrence from which the claim arose may be pleaded but may not be made the basis of a counterclaim.

49 P.S. §1701 (internal footnote omitted).

of Fact and Conclusions of Law at 11.  Judge Angelos found in favor of the Kings on all claims, including the Kings' counterclaim, and awarded the Kings monetary damages.  TF filed a motion for a new trial, which was ultimately granted.  At the conclusion of the second trial, the court again found in favor of the Kings on the merits, but did not award any damages.  The parties filed post-trial motions.

In June 2018, while the post-trial motions were pending, the Kings filed a petition to strike the mechanics' lien on the basis of TF's failure to file an affidavit of service to perfect the lien, as required by Section 502 of the Law.  TF opposed the petition, arguing the Kings had waived their right to object to the five-year old lien when they accepted service of the complaint to enforce, never filed preliminary objections pursuant to Section 505 of the Law, and appeared in court to defend the action.[3]  Plaintiff's Memorandum of Law in Opposition to Defendants' Petition to Strike Mechanics' Lien at 3.

The trial court granted the petition to strike on the basis of TF's failure to file an affidavit of service and thus perfect its lien, pursuant to Section 502 of the Law.  *See* Trial Ct. Op. at 6, *citing Regency Invs., Inc. v. Inlander Ltd.,* 855 A.2d. 75, 77 (Pa. Super. 2004) ("Service requirements under Pennsylvania's Mechanics' Lien law are strictly construed such that a complaint will be stricken if the statutory service requirements are not met[.]");

---

[3] Section 505 of the Law is entitled "Procedure for contesting claim; preliminary objections," and provides:

Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act.  The court shall determine all preliminary objections.  If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise.  If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed.  Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings.

49 P.S. §1505.

*id.* at 5, *quoting Samango v. Hobbs.*, 75 A.2d 17, 20 (Pa. Super. 1950) ("'[C]ompliance with the [Law] is a prerequisite to the validity of the lien, and the failure to observe it invalidates the lien.'").

On appeal, a divided three-judge panel of the Superior Court reversed. *Terra Firma Builders, LLC v. King*, 215 A.3d 1002 (Pa. Super. 2019). The majority opined "an owner who desires to challenge the perfection of the lien . . . must do so by filing a preliminary objection to the claim under Section 505" of the Law. *Id.* at 1005. The majority recognized Section 505 preliminary objections are governed by that statute, rather than the Rules of Civil Procedure, so they need not be filed within twenty days "like those to a normal civil complaint."[4] *Id.* The majority further opined: "That does not mean, though, that Section 505 preliminary objections can be filed at any time to the claim; after all, they are denominated as 'preliminary.'" *Id.* The majority then held: "if one of the specified defenses has not been raised 'preliminary' [sic] by the time a §1701 enforcement action has been filed to obtain judgment on the claim, but the owner desires to assert a Section 505 defense, it has to be raised in the enforcement proceeding [pursuant to] . . . the applicable rules of civil procedure. If it does not do so, then the claim is waived." *Id.* (footnote omitted). The panel majority concluded the Kings' objection to TF's mechanics' lien, "in the form of a motion to dismiss [sic] over five years after the claim was filed and over three years from [the] commencement of the enforcement proceedings[,]" was too late. *Id.* at 1006.[5]

---

[4] Pennsylvania Rule of Civil Procedure 1026 requires that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading[.]"

[5] TF had also challenged the trial court's failure to award damages on its breach of contract and unjust enrichment claims. In a separate opinion filed August 20, 2020, the Superior Court affirmed the trial court on these claims, and TF has not pursued them in

Judge Murray dissented, noting both the Law and applicable precedent permit an owner to raise defenses to a mechanics' lien enforcement action at any time. *Id.* at 1006. Judge Murray opined the Law must be strictly construed, and a lien claimant must strictly comply with the statute's requirements to secure a valid lien. *See id.* at 1006-07, *citing Wyatt Inc. v. Citizens Bank of Pa.*, 976 A.2d 557, 564 (Pa. Super. 2009) (any question of interpretation of the Mechanics' Lien Law "shall be resolved in favor of strict, narrow construction") and *Regency*, 855 A.2d at 79 (strict statutory compliance required to secure valid lien). Judge Murray reasoned TF failed to file the requisite affidavit of service under Section 502 of the Law and thus did not perfect its lien. She further observed Section 505 "unambiguously places no limit on when a party may raise a defense to the enforcement of the lien," and the majority's contrary reading lacked "explanation or citation to any authority." *Id.* at 1008-09.

We granted discretionary review of the following issue presented by the Kings: "Is a property owner who seeks to challenge the perfection of a mechanics' lien required to file preliminary objections before or during the enforcement proceeding of the lien?" *Terra Firma Builders, LLC v. King,* 226 A.3d 971 (Pa. 2020) (*per curiam*).[6] We consider the parties' arguments mindful that the issue is a pure question of law over which our standard

---

this appeal. *Terra Firma Builders, LLC v. King*, 1521 EDA 2019 & 2045 EDA 2019, 2020 WL 4882465 (Pa. Super. Aug. 20, 2020) (unpublished memorandum).

[6] While the Kings' petition for allowance of appeal was pending in this Court, on October 29, 2019, TF managed to enter judgment on the mechanics' lien despite the trial court's finding in favor of the Kings on the merits. TF then filed a writ of execution and the Kings' home was listed for sheriff's sale. However, on March 19, 2020, shortly after this Court granted review, TF withdrew its writ of execution.

of review is *de novo* and our scope of review is plenary. *A. Scott Enters., Inc. v. City of Allentown,* 142 A.3d 779, 786 (Pa. 2016).

The Kings argue Pennsylvania courts have consistently stricken void, unperfected mechanics' liens for failure to comply with statutory requirements. The Superior Court majority's contrary reading, according to the Kings, is the first appellate court decision to excuse a failure to comply since the Law was enacted in 1963. The Kings argue the panel's decision must be reversed because its interpretation of Section 505 of the Law contradicts the clear mandate of Section 502, which the majority did not even discuss. The Kings observe Section 502 plainly states that in order to perfect a mechanics' lien, an affidavit of service "shall be filed," and the failure to file the affidavit "shall be sufficient ground for striking off the claim." 49 P.S. §1502(a)(2). The Kings explain that, as mechanics' liens are statutorily-based, a party seeking to avail itself of its protections "'must comply strictly with the provisions of the statute conferring the right. Nothing is presumed in favor of the lien.'" Appellants' Brief at 18*, quoting O'Kane v. Murray*, 97 A. 94, 97 (Pa. 1916). The Kings insist courts must strictly construe the statutory requirements concerning perfection of the lien. *Id., citing, e.g.*, *McCarthy v Reese*, 215 A.2d 257, 258 (Pa. 1965) ("We have consistently held that the right to a mechanic's lien is entirely statutory, and, therefore, not only the right itself but the method of enforcing and defending it must depend upon the statute and must be pursued in strict compliance with it."). In this case, the Kings reiterate, there is no dispute that TF never filed the required affidavit of service and, as a result, the lien is void and a court may not exercise any discretion in the matter. *Id.* at 20-23, *citing* 20 STANDARD PENNSYLVANIA PRACTICE 2d §105:183 ("Where a mechanics' lien claimant does not adhere strictly to the procedure

for perfecting a mechanics' lien claim, the lien must be stricken as a matter of law, and in such a situation, the court does not have discretion to refuse to strike the lien."). The Kings note every other Pennsylvania court to examine the Law's notice provisions has stricken off mechanics' liens that did not strictly conform to its requirements. *Id.* at 23-24 (collecting cases).

The Kings further argue the panel majority's interpretation of Section 505 is wholly without support and ignores the statute's purpose, which is to provide an expeditious method to strike unperfected mechanics' liens. The Kings submit the central issue is the meaning of "preliminarily" as used in Section 505: "Any party may **preliminarily** object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. . . . Failure to file an objection **preliminarily** shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings." 49 P.S. §1505 (emphasis added). The Kings allege the use of the term is a matter of form, not substance, and is intended to allow (but not require) prompt resolution of challenges to the perfection of mechanics' lien claims. The Kings distinguish Section 505 "preliminary" objections from those addressed in the Rules of Civil Procedure, noting Section 505 "**imposes absolutely no time limits in which to object to a mechanics' lien claim**." *Id.* at 29 (emphasis in original). The Kings submit "Section 505 explicitly permits 'subsequent' objections to be raised at later stages of litigation[,]" *id.,* and "'the Courts of Common Pleas have inherent power to strike off a mechanics' lien which is defective in form or irregularly entered[.]'" *Id.* at 30-32 (emphasis omitted), *quoting William Stoke & Co. v. McCullough*, 107 Pa. 39, 39 (1884); *see also Rees, Weaver & Co. v. M.B.C. Paper Mill Corp.*, 406 A.2d 562, 565 (Pa. Super. 1979) (granting petition to strike mechanics'

lien claim after judgment was entered because lien was not perfected due to failure to file affidavit of service).

Moreover, according to the Kings, the panel majority "created a quandary by which void, unperfected mechanics' lien claims cannot be stricken[,]" and will improperly "maintain priority over nearly all other security interests" such that "third-party creditors will be prejudiced." *Id.* at 13-14. The Kings submit that lien enforcement proceedings are "'entirely dependent upon the existence of the lien, and if there is no lien, or if it is divested or stricken off, the enforcement proceeding falls with it.'" *Id.* at 37*, quoting* 20 STANDARD PENNSYLVANIA PRACTICE 2d §105:220; *see also Rees, Weaver & Co.*, 406 A.2d at 565. The Kings further note the Pennsylvania Rules of Civil Procedure are silent regarding defenses to mechanics' lien claims, and otherwise recognize "'[t]he procedure governing the filing of a claim is provided by the Mechanics' Lien Law of 1963[.]'" *Id.* at 37, *quoting* Note to Pa.R.C.P. 1651 (providing definitions and noting procedure to obtain judgment on mechanics' lien claim "shall be in accordance with the rules relating to a civil action"). The Kings assert the panel majority's decision imposing a time limit on objections to unperfected liens undermines these principles and longstanding precedent. *Id.* at 38-39, *citing McCarthy,* 215 A.2d at 258 ("We have consistently held that the right to a mechanic's lien is entirely statutory, and, therefore, not only the right itself but the method of enforcing and defending it must depend upon the statute and must be pursued in strict compliance with it.").

TF responds that the Superior Court correctly reversed the trial court's decision striking its mechanics' lien because the Kings waived their objection to the lien. TF concedes it never filed an affidavit of service for the April 29, 2013 lien at issue here, but

it considers that lien — filed after it voluntarily discontinued the original February 2013 claim — to be the "exact same" lien it previously perfected by filing an affidavit of service in March 2013. Appellee's Brief at 2. TF argues the Kings should be barred by laches from challenging "defective service" because they actively participated in five years of litigation on the merits, and thereby consented to the court's jurisdiction over them. *Id.* at 7-8. TF notes the Kings waited until nine months after a trial and verdict in the lien enforcement action to raise its failure to comply with the affidavit requirement, and the delay obviously prejudiced TF because it was unable to cure the defect within the applicable statutory deadline. Although TF agrees Section 505 objections need not be filed within the twenty-day period applicable to ordinary civil complaints, it nevertheless observes "that does not mean §1505 preliminary objections can be filed at any time." *Id.* at 5. According to TF, a defense based on the failure to file an affidavit of service had to be raised during the lien enforcement proceedings that included a trial and verdict in October 2017, and the Kings' subsequent petition to strike filed in June 2018 was too late.

TF further argues the Superior Court's decision below is consistent with case law that upholds the protections provided by the Law to contractors, and properly held that challenges to defective service may be waived. *Id.* at 10. TF submits that reversal of the Superior Court's decision would undermine the purpose of the Law by allowing a property owner to deprive contractors of their lien rights. TF argues owners should not have this ability to challenge a lien by the "back door" long after the contractor's options, *e.g.*, filing a new lien, or pursuing settlement, have been foreclosed by the passage of time. *Id.* at 14-15.

Finally, TF notes Section 701 of the Law provides the procedure to obtain judgment on a mechanics' lien "shall be governed by the Rules of Civil Procedure promulgated by the Supreme Court," and Rule 1651 provides "the procedure to obtain judgment upon a claim shall be in accordance with the rules relating to a civil action." 49 P.S. §1701(a); Pa.R.C.P. 1651(b). TF asserts the Superior Court thus correctly held the Kings' petition to strike was untimely, as the Kings should have raised their defense to the lien in the enforcement action, in accordance with applicable civil rules.

We now turn the specific question raised in the appeal, that is, whether the Kings, as property owners seeking to strike off a mechanics' lien claim filed against them, were required to assert their objection to the lien much earlier than they did here. First, we recall the underlying mechanics' lien claim was timely filed on April 29, 2013.[7] We further note that, in order to perfect a mechanics' lien, the claimant "must . . . serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim[,]" and an "affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service." 49 P.S. §1502(a)(2). Failure to comply with these requirements results in an unperfected lien, and it is undisputed that TF never filed the required affidavit of service.[8] Section 502 provides: "Failure to serve such notice or to

---

[7] There is no dispute that the lien was filed within the statutory period, *i.e.,* "within six (6) months after the completion of his work[.]" 49 P.S. §1502(a)(1).

[8] TF implicitly suggests their failure to file an affidavit of service for the April 2103 lien is of no moment because it was the "exact same" lien it previously perfected in March 2013, but later discontinued. Appellee's Brief at 2. TF does not develop this argument, and in any event, it is specious.

file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim." *Id.*

The Kings filed an answer to the lien claim on May 17, 2013, but did not raise TF's failure to comply with the affidavit requirement of Section 502 as a defense. Nor did the Kings challenge the lien on this basis throughout the following five years of litigation on the merits of the claim. The Kings first raised the issue in their petition to strike the lien filed in June 2018. The trial court upheld the challenge and struck off the lien, explaining that mechanics' lien claimants must strictly comply with the Law's requirements in order to perfect their lien before they may obtain judgment on it. But the Superior Court reversed, holding the Kings waived their challenge by failing to object "preliminarily" pursuant to Section 505 of the Law. In doing so, the court essentially determined a lien claimant who fails to perfect its lien may nevertheless enforce judgment on it, if the owner does not file Section 505 "preliminary" objections, despite that statute's explicit command that failure to object "preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings." 49 P.S. §1505.

The present appeal requires that we interpret certain provisions of the Law, specifically Sections 502 and 505. Our objective while performing statutory construction "is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. §1921(a). We give significant weight to the plain language of the statute because it is "the best indicator of legislative intent." *Freedom Med. Supply v. State Farm Fire and Cas. Co.,* 131 A.3d 977, 983 (Pa. 2016) (internal citation and quotation omitted). In addition, we are cognizant that "[m]echanics' liens were unknown at common law, and are entirely a creature of statute." *Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's*

*Dev. Co.,* 90 A.3d 682, 690 (Pa. 2014). Thus, as the Law is a statutory "creation in derogation of the common law . . . any question of interpretation shall be resolved in favor of strict, narrow construction." *Wyatt,* 976 A.2d at 564. S*ee also Samango*, 75 A.2d at 20 ("The right to file a mechanic's lien, as has been uniformly held by all the courts, is of statutory origin. No such right existed at common law. It is a class legislation and therefore must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right.") (citation and quotation omitted).

We further observe that a mechanics' lien is an extraordinary remedy that provides the contractor with a priority lien on property, an expeditious and advantageous remedy. *See Philadelphia Constr. Servs., LLC v. Domb*, 903 A.2d 1262, 1267 (Pa. Super. 2006) (mechanics' lien statute provides "an extraordinary remedy" and "an expeditious method to obtain lien at very little cost to claimant"; if claimant is not responsible in timely perfecting the lien, the claim fails, and claimant can seek adequate remedy via breach of contract). Accordingly, a contractor seeking the benefit of the lien must "judiciously adhere to the requirements of the Mechanics' Lien Law" in order to secure a valid and enforceable lien. *Id.*

Mindful of these principles, we examine the operative statutes. First, Section 502 expressly requires that in order to "perfect a lien, every claimant must[,]" *inter alia*, "serve written notice" of the lien's filing, and an affidavit of that service "shall be filed within twenty (20) days." 49 P.S. §1502(a)(2). The mandatory nature of these statutory requirements — as well the directive to interpret this particular statutory scheme narrowly and strictly — plainly indicate failure to comply leads to an unperfected lien. Moreover, Section 502

explicitly confirms a failure to serve and file an affidavit of service in a timely fashion "shall be sufficient ground for striking off the claim." *Id.*; *see also McCarthy v. Reed Terrace, Inc.*, 218 A.2d 229, 230 (Pa. 1966) (failure to strictly comply with the Law "shall be sufficient ground for striking the claim") (quotations and citation omitted).

It is clear, then, that TF failed to perfect its mechanics' lien against the Kings because it never filed the required affidavit of service. We have previously recognized that a failure to file the affidavit means "the lien was not properly perfected and that such defect was not curable." *Day & Zimmermann, Inc. v. Blocked Iron Corp.*, 147 A.2d 332, 335 (Pa. 1959). As compliance with the Law is "a prerequisite to the validity of the lien, [] the failure to observe it invalidate[s] the lien." *Id.* (citations omitted); *see also Reed Terrace*, 218 A.2d at 230 (failure to comply strictly with requirements of the Law renders purported lien invalid). We now consider whether the Kings waived their objection to enforcement of this unperfected — and thus invalid — mechanics' lien.

Section 505 of the Law is entitled "Procedure for contesting claim; preliminary objections." 49 P.S. §1505. The statute plainly states, in relevant part: "Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act." *Id.* In this case, the Kings moved to strike off TF's lien because it failed to conform to the requirements of Section 502. There is no dispute that the Kings did not first file preliminary objections; indeed, they filed an answer to the lien claim, as well as the enforcement complaint, and only after successfully litigating the merits of the contract dispute did they move to strike off the lien. However, Section 505 clearly provides that: "Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent

proceedings." *Id.* Importantly, the timing or type of "subsequent proceedings" in which the defense may be raised is not identified in the statute.[9]

We reject the Superior Court's unsupported conclusion, reformulated here by the dissent, that the challenge must be raised "in the enforcement proceeding [pursuant to] the applicable rules of civil procedure" on pain of waiver. *Terra Firma*, 215 A.3d at 1005. We are also unpersuaded by TF's argument the civil rules control the matter, such that the Kings' failure to raise the Section 502 defense in preliminary objections, or in their answer to the enforcement action, resulted in waiver. First, the specific provisions of the statutory scheme expressly intended by the General Assembly to govern mechanics' liens must prevail over the more general provisions of our Rules of Civil Procedure to the extent the two regimes conflict. *See* 1 Pa.C.S. §1933 (where special and general provisions conflict, they should be construed to give effect to both if possible; if not, special provision shall prevail as exception to general provision). Moreover, although Rule 1651 provides that the procedure for **obtaining judgment** on a mechanics' lien "shall be in accordance with the rules relating to a civil action[,]" the Note to the Rule clearly states "[t]he procedure governing the **filing of a claim** is provided by the Mechanics' Lien Law of 1963[.]" Pa.R.C.P. 1651, Note (emphasis added).

---

[9] The dissent is undeterred by this simple fact and settles upon 49 P.S. §1701 as describing the only possible "subsequent proceedings" where an objection might be raised, noting the Rules of Civil Procedure govern in such proceedings. Of course, Section 701 of the Law — entitled "Procedure to Obtain Judgment" — by necessity presupposes the existence of a perfected and valid mechanics' lien claim. *See* discussion *infra*. It is Sections 502 and 505 of the Law that actually govern perfection, and Section 505 expressly states a failure to object "preliminarily shall not constitute a waiver." 49 P.S. §1505.

In the present appeal, we are concerned with the filing and perfection of a lien, which is governed by Section 502 of the Law; and in any event, a claimant may not obtain judgment on an invalid mechanics' lien. *See, e.g., Samango,* 75 A.2d at 18 (lien invalid for failing to comply with the Law, thus judgment entered on the lien also invalid); *Keely v Jones*, 35 Pa.Super. 642, 645 (1908) ("When the act fixes a date at which, or within which, something is to be done in order to establish a valid claim, substantial conformity will not answer. There must be compliance with the requirement[.]"); *see also Rees, Weaver & Co.*, 406 A.2d at 565 (Section 502 "provides that the failure to file the affidavit within the prescribed period 'shall be sufficient ground for striking off the claim;' and the cases hold that this unequivocal provision is not to be diminished or qualified"). *Cf. M & P Management, L.P. v. Williams*, 937 A.2d 398, 398 (Pa. 2007) (invalid confessed judgment "cannot be made valid through the passage of time"; court must strike void judgment despite debtor's failure to file timely motion to open or strike).

In this case, by holding the Kings waived their challenge to an unperfected lien, despite the fact Section 505 places no time limit on challenges raised in subsequent proceedings, the Superior Court improperly attempted to give legal force to an invalid judgment.[10] A careful reading of the applicable statutes, including the unambiguous language in Section 505 that specifically provides a challenge to an invalid lien may not be waived due to failure to object "preliminarily," reveals this was an absurd result the General Assembly cannot have intended. *See* 1 Pa.C.S. §1922(1) (court may presume

---

[10] Indeed, despite being unsuccessful at every stage before the trial court and being awarded no damages after extensive litigation of the merits, TF was allowed, ostensibly based on the Superior Court's decision, to enter judgment on an unperfected lien and place the Kings' home for sheriffs' sale. Defendants' Petition to Strike Plaintiff's Judgment at 7.

legislature did not intend result that is absurd, impossible of execution or unreasonable). We recognize mechanics' liens are a powerful statutory tool for the protection of valid secured property interests, and when they are correctly obtained and enforced, they provide a priority position for contractors while curtailing the property rights of owners. Given these high stakes, it is vital that the lien claimant strictly comply with the mandatory statutory requirements expressly set forth in the Law to prevent potential abuse.

We are unmoved by TF's argument that the Kings waived the protections of Section 505 by failing to object sooner than they did, or that laches should apply here. First, the Kings' participation in litigation on the merits after answering the complaint surely constituted "consent" to the court's jurisdiction over the parties' contract dispute, but this is irrelevant. TF's reference to the Kings' challenge as an objection to "defective service" is a misnomer and a red herring; the issue here is not defective service to which the Kings' acquiesced when they participated in merits litigation before the court of common pleas. Instead, the defect here is in TF's lien, which remains unperfected and invalid, and the applicable statutes quite logically do not specify a time limit for objection to such a thing. Obviously, an earlier objection to the unperfected lien was possible and even advisable, but the circumstances do not warrant a finding of waiver.[11]

The Superior Court's decision is therefore reversed and the matter is remanded for reinstatement of the trial court's order granting the petition to strike.

---

[11] The dissent repeatedly and quite incorrectly suggests we have not answered the question presented for review. In fact, our holding squarely addresses the operative issue here, that is, whether the Kings, property owners who "challenge[d] the perfection of a mechanics' lien" were "required to file preliminary objections before or during the enforcement proceeding on the lien" in order to preserve their challenge. *Terra Firma Builders*, 226 A.3d 971. Our answer is clear that the failure to file preliminary objections did not constitute waiver in this case.

Justices Todd, Wecht and Mundy join the opinion.

Justice Donohue files a dissenting opinion in which Chief Justice Baer joins.

Justice Saylor did not participate in the consideration or decision of this matter.